Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
David G. Litman, State Bar No. 285768
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Lynn E. Calkins (*Pro Hac Vice*)
**HOLLAND & KNIGHT, LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 457-7041
Facsimile: (202) 955-5564

Chelsea Ashbrook McCarthy (*Pro Hac Vice*)
**HOLLAND & KNIGHT, LLP**
131 South Dearborn Street, 30th Floor
Chicago, IL 60603
Telephone: (312) 263-3600
Facsimile: (312) 578-6518

Attorneys for Defendants, Kruse-Western, Inc., Kevin Kruse,
GreatbancTrust Company

UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> KRUSE-WESTERN, INC., KEVIN KRUSE, GREATBANC TRUST COMPANY, and John and Jane DOES 1-30, <br><br> Defendants. | Case No.: 1:19-cv-00239-DAD-SKO <br><br> **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** <br><br> Date: July 16, 2019 <br> Time: 9:30 a.m. <br> Courtroom: 5, 7th Floor <br> Judge: Honorable Dale A. Drozd <br><br> Complaint Filed: February 19, 2019 |

Pursuant to Rules 8(a)(2), 10(b), and 12(b)(6) of the Federal Rules of Civil Procedure, Defendants KRUSE WESTERN, INC.[1], KEVIN KRUSE, and GREATBANC TRUST COMPANY respectfully submit this Memorandum in Support of Defendants' Motion to Dismiss.

## I.

## INTRODUCTION

Plaintiff's twenty-page complaint against thirty-three Defendants for numerous purported ERISA violations is nearly devoid of facts sufficient to make out a claim upon which relief can be granted. Instead, Plaintiff raises broad-sweeping, vague, and conclusory allegations, asserting that a well-founded transaction, which benefitted hundreds of employee owners, somehow violated the parameters of ERISA. In doing so, Plaintiff acts under the misimpression that, by merely filing a lawsuit rife with speculative and conclusory allegations, he can shift the burden to Defendants to figure out his concerns, engage in a fishing expedition through discovery to uncover some yet unidentified claim, and later advise Defendants the basis for his claims, including what is at issue, who is purportedly at fault, and what violations allegedly occurred. Plaintiff is wrong. In order to allow Defendants an adequate opportunity to defend against this action, Plaintiff must be required to articulate the specific issues being challenged, who conducted the activity in question, and how those actions form the basis of a viable allegation that ERISA has been violated. And, even if the entire Complaint is not dismissed at this stage for Plaintiff's pleading failures, each count fails to state a claim such that the entire Complaint should be dismissed.

## II.

## STATEMENT OF FACTS

The specific allegations relate to the creation of the Western Milling Employee Stock Ownership Plan ("ESOP") in November 2015. Plaintiff claims that Kevin Kruse and the "Selling Shareholders," as defined by Plaintiff, sold 100% of their outstanding stock in Kruse Western, Inc. to the ESOP in a transaction where GreatBanc Trust Company, Inc. acted as an independent

---

[1] Plaintiff incorrectly named the defendant as "Kruse-Western, Inc."

1
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

012749.00008 - 224653.1

trustee on behalf of the ESOP.[2] ECF No. 1, ¶¶ 3, 12, 19. Two months after the transaction, in January 2016, Plaintiff asserts that the stock purchased was worth almost 90% less than the ESOP had paid for it. *Id.*, ¶¶ 7. More than three years after the original transaction in November 2015, on February 19, 2019, Plaintiff ARMANDO ZAVALA filed this action as a class action, individually and on behalf of others similarly situated, for purported violations of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"). (*See generally* ECF No. 1.) In his Complaint, Plaintiff raises four counts and names a total of thirty-three defendants, asserting that anyone who touched the transaction in November 2015 failed to exercise their purported fiduciary duties. Very few specific allegations are provided; not all Defendants are identified by name; and some Defendants are not identified in any count.

## III.

## ARGUMENT

The problems with Plaintiff's complaint are many. Plaintiff has failed to fulfill his pleading obligations as required under Rules 8 and 10 of the Federal Rules of Civil Procedure, and each of his specific counts fail to state a claim upon which relief can be granted. As a result, Defendants request that the Complaint be dismissed in its entirety.

### A. PLAINTIFF HAS FAILED TO COMPLY WITH HIS GENERAL PLEADING REQUIREMENTS.

The law is plain. In order to allow a defendant the opportunity to defend against allegations raised, a plaintiff is required to provide sufficient information in its complaint in order to identify the facts at issue and the claims raised. The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." *Heyer v. Governing Bd. of Mt. Diablo Unified School Dist.*, 521 Fed. App'x 599, 600 (9th Cir. 2013) (citation omitted). In addition, the "factual allegations that are taken as true

---

[2] Although Plaintiff defines "Selling Shareholders" to include Kevin Kruse and ten other individuals identified only as John and Jane Does 20-30, as will be demonstrated if this case moves forward, Kevin Kruse did not sell his stock to the ESOP. For purposes of this Motion, Defendants consider him in the role alleged by Plaintiff.

must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.* Even outside the context of pleading special matters, a plaintiff must identify the purported allegations at issue and who conducted the activity such that a defendant can defend against the claim. *Fortaleza v. PNC Fin. Servs. Group, Inc.*, 642 F. Supp. 2d 1012, 1019–20, 1023, 1024–25 (N.D. Cal. 2009); *McDaniel v. United States*, No. 2:14-cv-2213-TLN-EFB PS, 2015 WL 7459791, at *3 (E.D. Cal. Nov. 24, 2015) ("Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice of the claims asserted against each defendant and state the elements of the claim plainly and succinctly. Plaintiff must allege at least some conduct by each defendant which, if taken as true, would entitle plaintiff to relief . . . ." (internal citation omitted)).

Rule 10(b) mandates that "each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense" if "doing so would promote clarity." Fed. R. Civ. P. 10(b). Rule 10 expressly requires separate counts "if necessary to enable the defendant to frame a responsive pleading or to enable the court and the other parties to understand the claims," especially where multiple claims are asserted. *Bautista v. Los Angeles County*, 216 F.3d 837, 840–41 (9th Cir. 2000) (*citing* James Wm. Moore, et al., Moore's Federal Practice, § 10.03[2][a] (3d ed. 1997)). Similarly, Rule 8(a)(2) requires that every pleading stating a claim for relief must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

The reasoning for these pleading requirements is clear — unless cases "are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista*, 216 F.3d at 841 (citation omitted). Dismissal of a complaint is the proper resolution when the issues which a defendant is asked to litigate against are not clearly articulated. *See, e.g., Burnett v. Sanders*, No. 11-cv-00636, 2011 WL 2076380, at *3 (C.D. Cal. May 26, 2011) (dismissing complaint where plaintiff sued twelve defendants in two causes of action that "raised multiple sub-claims" and requiring plaintiff to "set forth specific facts as to each individual

3
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Defendant showing what each Defendant did or failed to do with respect to each claim"); *Bray v. Fresenius Med. Care Aktiengesellschaft Inc.*, No. 06-c-50197, 2007 WL 7366260, at *10 (N.D. Ill. Aug. 30, 2007) (dismissing complaint where plaintiffs "failed to separate different occurrences pursuant to Rule 10(b)"); *Veltmann v. Walpole Pharm., Inc.*, 928 F. Supp. 1161, 1163–64 (M.D. Fla. 1996) (dismissing complaint because it violated Rule 10(b) by making general allegations against all of the named defendants and made it "virtually impossible to ascertain . . . which defendant committed which alleged act").

Like in the cases cited above, here, the pleading problems with Plaintiff's Complaint are numerous. First, Plaintiff impermissibly merges multiple purported violations under each count, rendering it impossible to discern what actions or inactions Plaintiff asserts form the basis for any particular cause of action. For example, in Count I, Plaintiff alleges violations of both ERISA Section 406(a)(1)(A) (precluding the sale or exchange of property between plan and party in interest) and Section 406(a)(1)(D) (regarding the transfer to, or use by or for the benefit of a party in interest, of any assets of the plan). *See* ECF No. 1 at 13–14, Count I, ¶¶ 41–50. Similarly, without articulating what each defendant did or failed to do with respect to each purported violation, in Count II, Plaintiff alleges violations of Section 406(b)(1) (precluding the dealing with assets of plan in one's own interest), Section 406(b)(2) (prohibiting the acting in a transaction by one whose interests are adverse to the plan), and Section 406(b)(3) (precluding the receipt of consideration on one's own personal account from any party dealing with the plan). *See* ECF No. 1 at 13–14, Count II, ¶¶ 41–50. Similarly, both Counts III and IV allege violations of the duty of loyalty under ERISA Section 404(a)(1)(A) and the duty of care and prudence under Section 404(a)(1)(B) but fail to specify which allegations resulted in a violation of which section. *See* ECF No. 1 at 15–18, Counts III–IV, ¶¶ 50–66. If Plaintiff is claiming violations of seven different provisions of ERISA, at a minimum, Plaintiff should have pled seven different counts with specific factual allegations relating to each of the separate purported violations and the actions or inactions committed by each defendant so Defendants know what they are defending against. *Burnett*, 2011 WL 2076380, at *3; *Bray*, 2007 WL 7366260, at *10; *Veltmann*, 928 F. Supp. at

4
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

012749.00008 - 224653.1

1163-64. The Complaint as currently framed needs to be dismissed.

In addition, Plaintiff fails to comply with Rule 8(a)(2) because the complaint does not put each defendant on notice of the claims against them. To satisfy Rule 8(a), a complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Where "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not show[n]—that the pleader is entitled to relief'" and must be dismissed. *Ashcroft v. Iqbal*, 556 U.S. 662, 682–83 (2009) (internal quotations omitted) (holding that complaint failed to state sufficient facts against the named defendants to state a plausible claim against them); *see e.g., Vargas v. JP Morgan Chase Bank, N.A.*, No. 14-859, 2014 WL 3435628, at *5 (C.D. Cal. July 11, 2014) (dismissing complaint that "is rife with examples of 'lump' or 'group' pleading, . . . fails to identify a single defendant specifically whose actions violate [the statute, and] does no more than state legal conclusions in the form of factual allegations").

In violation of Rule 8(a)(2), Plaintiff utterly fails to identify which defendant committed the purported violation and, in multiple instances, fails to identify who the defendants are or what claim is brought against them. Specifically:

- Count IV is against "all Board Defendants" without any detail or facts as to what each individual did or did not do. *See* ECF No. 1 at 17–18, Count IV, ¶¶ 61–66.
- Paragraph 14 identifies "Defendant Administrative Committee," but the Administrative Committee is not listed in the caption of the Complaint, there is no assertion the committee is a separate legal entity that can be sued, and there is no cause of action in the Complaint against the committee. *See* ECF No. 1.
- Paragraphs 15, 17 and 18 identify thirty John and Jane Does, which Plaintiff acknowledges it has not identified and for which Plaintiff fails to specify any particular action or inaction by which any one of them purportedly violated ERISA. *See* ECF No. 1 at 4–5, ¶¶ 15, 17, 18. To date, these individuals have not been served but yet are listed as defendants in Count I as "Selling Shareholders" and in

5
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

012749.00008 - 224653.1

Count II and IV as "Board Defendants." By acknowledging that Plaintiff does not even know the identity of these individuals and thus what any one of them did to purportedly violate ERISA, Plaintiff acknowledges it has failed to meet its pleading requirements on those counts as to those defendants.

- And, although served and listed in the caption, the Complaint is devoid of any count against Defendant Kruse Western, Inc. *See* ECF No. 1. Although Plaintiff alleges that "Kruse-Western and its officers knew of the problems with monensin contamination" (ECF No. 1 at 8, ¶ 46) and that "Kruse-Western and its officers knew or should have known of the Company's potential liability for wage and hour violations" (ECF No. 1 at 8, ¶ 47), Plaintiff does not assert that this knowledge in any way violates ERISA or any other legal standard. With there being no cause of action against Defendant Kruse Western, Inc., the company should be dismissed from the case. Fed. R. Civ. P. 8(a)(2).

Given that Plaintiff does not "identify for each cause of action which plaintiff[] is bringing the cause of action and which defendant[] it is against," Defendants cannot reasonably frame an answer or appropriately raise affirmative defenses, and the Complaint should be dismissed. *See e.g., Elliott v. Solis*, 117CV01214LJOSAB, 2017 WL 4811747, at *8 (E.D. Cal. Oct. 24, 2017), report and recommendation adopted, 117CV01214LJOSAB, 2017 WL 5292624 (E.D. Cal. Nov. 13, 2017).

B. **EVEN IF NOT DISMISSED IN ITS ENTIRETY FOR PLEADING FAILURES, EACH COUNT OF THE COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UNDER RULE 12(b)(6).**

Under Federal Rule of Civil Procedure 12(b)(6), a claim should be dismissed when a plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).

"The purpose of [Rule] 12(b)(6) is to enable defendants to challenge the legal sufficiency of complaints without subjecting themselves to discovery." *Rutman Wine Co. v. E & J Gallo*

*Winery*, 829 F.2d 729, 738 (9th Cir. 1987). In assessing a motion to dismiss under Rule 12(b)(6), the court is not to take legal conclusions as true "merely because they are cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998).

In the ERISA context, the Supreme Court has endorsed the application of stringent pleading standards to protect plan fiduciaries from meritless claims that rely on hindsight to second-guess fiduciary decisions. *See Fifth Third Bancorp v. Dudenhoeffer*, 573 U.S. 409, 425 (2014) (noting that on a motion to dismiss for failure to state a claim, in the context of an action alleging violation of a fiduciary's duty of prudence under ERISA, careful judicial consideration of whether the complaint states a claim that the defendant has acted imprudently is warranted to "weed[ ] out meritless claims"). Specifically in ERISA breach of fiduciary duty cases such as this one, a complaint is to survive a motion to dismiss only if it contains "factual allegations sufficient to create a plausible inference that defendants' process of selecting funds and their monitoring of the funds was imprudent." *White v. Chevron Corp.*, 16-CV-0793-PJH, 2017 WL 2352137, at *14 (N.D. Cal. May 31, 2017), *aff'd*, 752 Fed. App'x 453 (9th Cir. 2018) (emphasis added).

Plaintiff has failed to meet his pleading hurdles here. Thus, even if the Court does not dismiss the entire Complaint for the reasons stated in Section I above, each count fails as a matter of law and should be dismissed for failure to state a claim pursuant to Rule 12(b)(6).

    **1.    Count I Fails to State a Claim Under ERISA as to the Selling Shareholders, including Kevin Kruse, or GreatBanc.**

Plaintiff brings Count I under ERISA's Section 406(a)(1) against GreatBanc Trust Company and the "Selling Shareholders," defined in the Complaint as Kevin Kruse and John and Jane Does 20-30, for purportedly engaging in a prohibited transaction. *See* ECF No. 1 at 2, ¶ 3; ECF No. 1 at 13–14, Count I, ¶¶ 41–50. There are at least two problems with this Count as pled: (i) nowhere does Plaintiff assert that Kevin Kruse and/or John and Jane Does 20-30 were fiduciaries, and (ii) nowhere does Plaintiff plead the "appropriate equitable relief" as is required in

7
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS**

order to state a claim against the "Selling Shareholders" as non-fiduciaries.

First, Section 406(a)(1) of ERISA on its face applies exclusively to fiduciaries. It states in pertinent part:

> Except as provided in section 1108 of this title: (1) A *fiduciary* with respect to a plan shall not cause the plan to engage in a transaction, if he knows or should know that such transaction constitutes a direct or indirect — (A) sale or exchange, or leasing, of any property between the plan and a party in interest . . . [or] (D) transfer to, or use by or for the benefit of a party in interest, of any assets of the plan . . . .

29 U.S.C. § 1106(a)(1) (emphasis added). The plain language of ERISA's Section 406(a)(1) only contains a prohibition against a *fiduciary* from *causing a plan* to engage in the conduct set forth in Section 406. 29 U.S.C. § 1106(a)(1).

Because it cannot, Plaintiff does not claim in Count I that the "Selling Shareholders", including Mr. Kruse, are liable under Section 406(a) as fiduciaries to the plan. Instead, Plaintiff claims that they are liable as "parties-in-interest." ECF No. 1 at 14, Count I, ¶ 50 ("As parties-in-interest, Defendants Selling Shareholders are liable for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D).").

Although the plain language of Section 406 refers only to fiduciaries, the Supreme Court has recognized that a non-fiduciary may be liable under ERISA's Section 502(a)(3), which is one of ERISA's remedial provisions. Specifically, in *Harris Trust and Savings Bank v. Salomon Smith Barney, Inc.*, the Supreme Court determined that the language of Section 502(a)(3) authorized a claim for "appropriate equitable relief" against a non-fiduciary party-in-interest to a transaction prohibited under Section 406(a) of ERISA. *Harris Trust*, 530 U.S. 238, 250–53 (2000).

In so ruling, however, the Supreme Court made clear that such claims against non-fiduciaries under Section 502(a)(3) must assert that the non-fiduciary party-in-interest had "actual or constructive knowledge of the circumstances that rendered the transaction unlawful" and that the remedy plaintiff seeks is equitable. *Harris Trust*, 530 U.S. at 251. The equitable remedy sought must be one that was typically available in equity. *Depot, Inc. v. Caring for Montanans, Inc.*, 915 F.3d 643, 660 (9th Cir. 2019). "To qualify as equitable relief, both the basis for the

8
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

plaintiff's claim and the nature of the underlying remedies sought must be equitable rather than legal." *Id.* (dismissing Section 406 claim against a non-fiduciary because the nature of the underlying remedies sought were legal, not equitable).

Failing to plead an appropriate equitable remedy is fatal to the claim. *Depot, Inc.*, 915 F.3d at 665; *see also Teets v. Great-West Life & Annuity Ins. Co.*, __ F.3d __, No. 18-1019, 2019 WL 1372319, at *22 (10th Cir. Mar. 27, 2019); *Great-West Life & Annuity Co. v. Knudson*, 534 U.S. 204, 218 (2002) ("Respecting Congress's choice to limit the relief available under § 502(a)(3) to 'equitable relief' requires us to recognize the difference between legal and equitable forms of restitution. Because petitioners seek only the former, their suit is not authorized by § 502(a)(3).")

In *Depot, Inc. v. Caring for Montanans, Inc.*, the Ninth Circuit upheld the dismissal of a claim against a non-fiduciary party-in-interest because the Court determined that the nature of plaintiff's claimed remedy was for money damages, which is a legal remedy unavailable against non-fiduciaries for violation of ERISA Section 406(a). *Depot, Inc.*, 915 F.3d at 665. The court concluded that the plaintiff in *Depot, Inc.* failed to plead an identified fund or specific property to which the remedies of equitable restitution or disgorgement could apply. *Id.* at 661–65.

Here, Plaintiff does not cite Section 502(a)(3) as the basis of Count I. However, even if this Court were to read Plaintiff's Count I liberally to include Section 502(a)(3), Plaintiff has failed to plead that claim adequately. Plaintiff does not identify the relief he seeks against the Selling Shareholders nor does he assert that any such relief was typically available in equity. The allegations in Count I identify *no* remedy Plaintiff seeks. Rather, Plaintiff merely alleges in a conclusory paragraph: "As parties-in-interest, Defendants Selling Shareholders are liable for the violations of ERISA § 406(a)(1)(A) and (D), 29 U.S.C. § 1106(a)(1)(A) and (D)." ECF No. 1 at 14, Count I, ¶ 50.

Although Plaintiff's laundry list of remedies includes one labeled "appropriate equitable relief," Plaintiff's Prayer for Relief is not sufficient to satisfy the requirement to plead equitable relief; equitable relief is a required element of Plaintiff's claim. Indeed, like in *Depot, Inc.*, the

9
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

Complaint is clear that the nature of the remedies Plaintiff seeks is legal – not equitable. Plaintiff brought this claim to recover "losses suffered by the ESOP." ECF No. 1 at 2–3, ¶ 8. He seeks only an accounting in order "to restore losses" to the plan and the creation of a fund into which "ill-gotten gains, fees, and/or profits paid to any of the Defendants in violation of ERISA" be placed. ECF No. 1, Prayer for Relief, ¶¶ H, I. Despite the equitable nomenclature, these remedies and the nature of Plaintiff's suit is for money damages.

Plaintiff's failure to plead equitable relief is fatal to his claim, and thus Count I as to the individuals identified as "Selling Shareholders", including Kevin Kruse, should be dismissed. *Depot, Inc.*, 915 F.3d at 661–65 (concluding that the nature of plaintiff's claims for restitution and disgorgement were legal, not equitable, in nature and dismissing claim against non-fiduciaries under Section 502(a)(3)).

Similarly, with respect to the portions of Count I brought against GreatBanc, Plaintiff fails to plead sufficient facts to support its claim. Plaintiff appears to recognize that transactions made for adequate consideration do not constitute prohibited transactions under ERISA Section 406(a). However, Plaintiff makes only conclusory assertions that GreatBanc approved the transaction for more than the fair market value, failed to ensure the ESOP paid no more than fair market value, and failed to undertake an adequate investigation. The only factual allegation Plaintiff raises to support these conclusions is that, "based on the available information," the purchase price the ESOP paid for the Kruse Western stock was grounded on unrealistic management projections and "did not adequately reflect the future revenue and earnings given the recurring monensin contamination in Western Milling's animal feed." ECF No. 1 at 7, ¶ 45. Plaintiff fails to identify what the "available information" is or how it leads to the conclusion that the projections were unrealistic by not accounting for the feed contamination issues. *B.R. v. Beacon Health Options*, No. 16-cv-04576-MEJ, 2017 WL 5665667, at *5 (N.D. Cal. Nov. 27, 2017) (dismissing Plaintiffs' allegations "upon information and belief" because they were "purely conclusory" and "[did] not establish any basis for their belief"). In order to allow Defendants an opportunity to adequately defend against the claim, Plaintiff needs to provide basic allegations such that Defendants can

10
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

012749.00008 - 224653.1

form their defense. As currently pled, Plaintiff's conclusory assertions are insufficient and Count I should be dismissed.

### 2. Count II Should Be Dismissed Because it Fails to State a Claim for Relief Against any Defendant

In Count II, Plaintiff asserts that "all Board Defendants who sold Kruse Western stock to the ESOP" violated ERISA's Section 406(b). This claim should also be dismissed, because, as a matter of law, Plaintiff cannot substantiate its assertion that the "Board Defendants" who sold Kruse Western stock were acting as fiduciaries when they allegedly sold stock to the Plan.[3]

ERISA includes two types of fiduciaries: (i) a named fiduciary, which is a party identified in the plan as a fiduciary, and (ii) a functional fiduciary, which is a party that meets the definition set forth in ERISA's Section 3(21)(A), 29 U.S.C. § 1002(21)(A). *Depot, Inc.*, 915 F.3d at 653–54. A person considered a "functional fiduciary" under Section 3(21)(A) is a fiduciary only to the extent he is engaging in the conduct identified in Section 3(21)(A). In other words, a person may be a fiduciary as to some actions, but not others. *Depot, Inc.*, 915 F.3d at 654.

"In every case charging breach of ERISA fiduciary duty, then, the threshold question is not whether the actions of some person employed to provide services under a plan adversely affected a plan beneficiary's interest, but whether that person was acting as a fiduciary (that is, was performing a fiduciary function) when taking the action subject to complaint." *Pegram v. Herdrich*, 530 U.S. 211, 225 (2000); *Acosta v. Brain*, 910 F.3d 502, 518 (9th Cir. 2018) ("This threshold 'two-hats' inquiry is important because virtually every business decision an employer makes can have an adverse impact on an employee benefit plan.") (internal quotations omitted); *Bellah v. Am. Airlines Inc.*, 623 F. Supp. 2d 1183, 1187-88 (E.D. Cal. 2009) (holding that fiduciary liability under ERISA depends not on how one's duties are formally characterized in an ERISA plan but rather upon functional terms of control and authority over the plan).

///

---

[3] This includes Kevin Kruse if Plaintiff is asserting Mr. Kruse is a Board Defendant under Count II.

In this case, again because it cannot, Plaintiff does not allege that the "Board Defendants" are named fiduciaries under the plan. Rather, Plaintiff alleges that the "Board Defendants" who sold stock were functional fiduciaries under ERISA because they appointed GreatBanc as the trustee of the ESOP. ECF No. 1 at 4–5, ¶ 17. In order to be liable as functional fiduciaries, however, Plaintiff was required to allege that the actions allegedly taken by the "Board Defendants" in Count II were fiduciary actions. Plaintiff does not do so, and thus the claim should be dismissed.

As to his claim under Section 406(b)(1) included in Count II, Plaintiff alleges that any "Board Defendant" who sold its stock to the ESOP dealt with plan assets in their own interest. ECF No. 1 at 15, Count II, ¶ 44. Plaintiff does not allege that the "Board Defendants" *caused* the ESOP to do anything. Rather, Plaintiff claims that it was GreatBanc who caused the ESOP to purchase stock. ECF No. 1 at 5, ¶ 19. Instead, Plaintiff only claims that the "Board Defendants" were fiduciaries of the ESOP to the extent they had the discretion to appoint the Trustee and that appointment was the extent of their fiduciary function. ECF No. 1 at 4, ¶ 16. Given that there is no assertion that the "Board Defendants" were exercising a fiduciary function when they purportedly sold their stock, Plaintiff's Count II brought under Section 406(b)(1) against the "Board Defendants" fails to state a claim and should be dismissed.

Plaintiff's additional allegation in Count II that any "Board Defendant" who sold his/her shares to the ESOP acted with interests adverse to the ESOP in violation of Section 406(b)(2) fares no better. ECF No. 1 at 15, Count II, ¶ 46. As stated above, Plaintiff only alleges that the "Board Defendants" were fiduciaries because they had the discretion to appoint the trustee, and Plaintiff does not allege any facts to support that the Board Defendants acted adverse to the ESOP *when they appointed an independent trustee*. Rather, the appointment of an outside trustee supports the opposite conclusion—that the Board Defendants wanted to ensure that the interests of the ESOP were represented by an independent party. ECF No. 1, ¶¶ 16, 19. Because Plaintiff does not allege facts to support that the Board Defendants were carrying out a fiduciary function while acting adverse to the ESOP when selling their stock, Plaintiff's claim under Section

12
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

012749.00008 - 224653.1

406(b)(2) fails to state a claim and should be dismissed.

Plaintiff's further allegation that any "Board Defendant" selling stock to the ESOP also received consideration for their own account in violation of ERISA's Section 406(b)(3) also fails to state a claim. ECF No. 1 at 15, Count II, ¶ 48. As with the other claimed violations of Section 406(b), Plaintiff does not allege any facts to support that the *selling of Kruse Western stock* (as opposed to appointing the ESOP trustee) by a "Board Defendant" was a fiduciary act. Plaintiff also fails to offer any allegation about what consideration was received or what specifically was done by any individual. Given that there is no basis for concluding that the sale of stock constituted a fiduciary act by the Board Defendants on the face of the Complaint, Plaintiff's allegation against the "Board Defendants" in Count II brought under Section 406(b)(3) also fails to state a claim and should be dismissed.

### 3. Count III Should be Dismissed for Failure to State a Claim Against GreatBanc

In Count III, Plaintiff asserts a purported violation of ERISA's Section 404(a)(1)(A) and (B) on the ground that GreatBanc Trust Company was required to undertake an adequate and independent investigation and that, if it had, it would have resulted in a different conclusion. ECF No. 1 at 16–17, Count III, ¶¶ 50–60. Plaintiff offers no allegation about what GreatBanc failed to consider or how its investigation was either inadequate or independent, other than Plaintiff is dissatisfied with the result. Plaintiff merely asserts that "an appropriate investigation would have revealed" that the purchase price did not reflect fair market value or that it was imprudent for the ESOP to take on excessive debt. ECF No. 1, ¶¶ 56–57. But, there are no allegations to support *how* an "appropriate investigation" would have revealed this. This type of hindsight allegation with zero factual assertions of anything that GreatBanc allegedly did wrong fails to offer the particularity required to state a claim for an ERISA violation. *Dudenhoeffer*, 573 U.S. at 425; *White,* 16-CV-0793-PJH, 2017 WL 2352137, at *14. Without more, Count III fails to state a claim upon which relief can be granted and should be dismissed.

///

///

### 4. Count IV Should be Dismissed for Failure to State a Claim Against the "Board Defendants."

Similar to the problems with Count III, Plaintiff alleges that the "Board Defendants," including Kevin Kruse, breached their fiduciary duties by failing to monitor GreatBanc Trust Company. But, Count IV utterly fails to provide any specific allegations about how the monitoring process was lacking. ECF No. 1 at 17–18, Count IV, ¶¶ 62–66. This bald conclusion without more is insufficient to state a claim for a violation of ERISA's Sections 404(a)(l)(A) and (B). *See, e.g. White I*, 2016 WL 4502808, at *19 (dismissing monitoring claim because "plaintiffs allege[d] no facts showing how the monitoring process was deficient").

Courts have rejected similar attempts to plead duty to monitor claims in such a cursory ill-defined manner. *See White*, 2016 WL 4502808, at *17 (dismissing duty to monitor claim and rejecting the argument that the investment committee's requirement to report to the board of directors twice a year was sufficient to state a claim); *In re Calpine Corp ERISA Litig.*, 2005 WL 1431506, at *6 (N.D. Cal. Mar. 31, 2005) (dismissing duty to monitor claim and noting the claim required a threshold showing that the monitoring fiduciary failed to "review the performance of its appointees at reasonable intervals in such a manner as may be reasonably expected to ensure compliance with the terms of the plan and statutory standards"). "ERISA requires a plaintiff to plead some other objective indicia of imprudence." *White*, 2016 WL 4502808, at *17; *see also Grossman v. Directors Guild of Am., Inc.*, 2017 WL 5665025, at *9 (C.D. Cal. May 1, 2017) (holding plaintiff failed to state claim for breach of fiduciary duty by board defendants where there was no allegation that the board did not act prudently in appointing the trustee). Although Plaintiff may not have all the inside information at this time, before it can file suit and initiate a lengthy discovery process, it must have sufficient information on which to base a claim, and Plaintiff has failed to articulate that adequate basis here.

///

///

///

14
**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

012749.00008 - 224653.1

## III.

## CONCLUSION

Based on the foregoing, it is respectfully requested the court grant Defendants' Motion and dismiss the Complaint.

Dated: April 15, 2019      **SAGASER, WATKINS & WIELAND PC**

By: /s/Ian B. Wieland
    Howard A. Sagaser
    Ian B. Wieland
    David G. Litman
    Attorneys for Defendants, Kruse-Western, Inc., Kevin Kruse, GreatbancTrust Company

Dated: April 15, 2019      **HOLLAND & KNIGHT LLP**

By: /s/Lynn E. Calkins
    Lynn E. Calkins
      (Pro Hac Vice)
    Chelsea Ashbrook McCarthy
      (Pro Hac Vice)