# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KRUSE-WESTERN, INC., et al.,<br><br>Defendants.<br>_____/ | Case No. 1:19-cv-00239-DAD-SKO<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>(Doc. 21) |

Plaintiff filed a class action complaint in this case on February 2, 2019 (Doc. 1) and sought to commence discovery by proposing a Federal Rule of Civil Procedure 26(f) conference of counsel. Defendants declined to meet and, on April 15, 2019, filed a motion to dismiss. (Doc. 17.) On May 28, 2019, Plaintiff filed a motion to compel seeking an order compelling Defendants to participate in a Rule 26(f) conference. (Doc. 21.) The parties filed their "Joint Statement re Discovery Dispute" setting forth their respective positions pursuant to Eastern District of California Local Rule 251 on July 10, 2019. (Doc. 26.)

After having reviewed the motion and supporting documents, the motion to compel was deemed suitable for decision without oral argument pursuant to Local Rule 230(g), and the undersigned vacated the hearing set for July 17, 2019. (Doc. 28.) For the reasons set forth below, the motion shall be denied.

## I. BACKGROUND

On February 2, 2019, Plaintiff filed a civil enforcement action pursuant to the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132(a)(2) and (a)(3),

on behalf of himself and other participants in the Western Milling Employee Stock Ownership Plan (the "Plan"), arising out of the November 4, 2015 sale of Defendant Kruse-Western, Inc. stock to the Plan for an allegedly inflated value that resulted in the loss of tens of millions of dollars to the Plan. (*See* Doc. 1.)

Before responsive pleading had been filed, Plaintiff proposed dates for a conference pursuant to Rule 26(f), which were rejected by Defendants as premature. (Doc. 26-1 at ¶¶ 3–4.) Defendants thereafter filed a motion to dismiss on April 15, 2019, contending that Plaintiff "failed to fulfill his pleading obligations as required" under Federal Rules of Civil Procedure 8(a)(2) and 10(b), and that his complaint is "nearly devoid of facts sufficient to make out a claim upon which relief can be granted" under Rule 12(b)(6).[1] (*See* Doc. 17-1 at 1–2.) The hearing on the motion to dismiss was held on July 16, 2019, after which the assigned district judge took the motion under submission. (*See* Doc. 29.)

Shortly after the motion to dismiss was filed, Plaintiff requested limited discovery from Defendants, which was refused on the ground that "discovery should not proceed until the Motion to Dismiss is resolved." (*See* Doc. 26-2 at ¶ 6.) On May 1, 2019, the undersigned, *sua sponte*, continued the mandatory scheduling conference to October 3, 2019, in view of the pending motion to dismiss. (*See* Doc. 18.)

The parties met and conferred in writing and over the telephone and, on May 15, 2019, determined that they were "at an impasse regarding whether to engage in a [Rule] 26(f) conference at this time." (Doc. 26-1 at ¶ 8.) Plaintiff filed the instant motion to compel on May 28, 2019 (Doc. 21), and the parties submitted their "Joint Statement re Discovery Dispute" setting forth their respective positions pursuant to Local Rule 251 on July 10, 2019. (Doc. 26.) The motion was taken under submission on July 15, 2019. (*See* Doc. 28.)

## II. DISCUSSION

The parties' dispute concerns the timing of discovery in a civil case. Federal Rule of Civil Procedure 26(d) states:

---

[1] The Court granted the parties' stipulation to enlarge the time for Defendants to file a responsive pleading. (*See* Doc. 14.)

2

> A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order.

As the parties have not yet held a Rule 26(f) conference, and in the absence of a stipulation, Plaintiff may obtain discovery at this stage of the proceedings only by court order. *See id*. Courts within the Ninth Circuit generally use the "good cause" standard to determine whether to permit discovery prior to a Rule 26(f) conference. *See, e.g., Roadrunner Intermodal Servs., LLC v. T.G.S. Transportation, Inc.,* Case No. 1:17-cv-01056-DAD-BAM, 2017 WL 3783017, at *3 (E.D. Cal. Aug. 31, 2017); *Apple Inc. v. Samsung Elecs. Co.,* 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011); *In re Countrywide Fin. Corp. Derivative Litig.,* 542 F. Supp. 2d 1160, 1179 (C.D. Cal. 2008). *See also* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2046.1 (3d ed. 2010) ("[I]t is implicit that some showing of good cause should be made to justify such an order" permitting discovery prior to a Rule 26(f) conference.). "Good cause may be found where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Semitool, Inc. v. Tokyo Electron America, Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002).

In his motion, Plaintiff is not seeking expedited discovery pursuant to Rule 26(d). Instead, in an interesting departure, Plaintiff seeks to compel Defendants to participate in a Rule 26(f) conference. Once the Rule 26(f) conference is completed, Plaintiff would then proceed to commence discovery. In this way, Plaintiff presumably would be able to obtain discovery in advance of the pleadings being settled without showing "good cause" under Rule 26(d).

Plaintiff relies on the language of Rule 26(f) to support his position. Rule 26(f)(1) governs the timing of the discovery conference. It provides, in relevant part,

> Except . . . when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b).

Fed. R. Civ. P. 26(f)(1). Plaintiff contends that by refusing to participate in the Rule 26(f) conference until after the Court rules on their motion to dismiss, Defendants have run afoul of the requirement that the parties confer "as soon as practicable" and have thereby obtained an

1 | impermissible stay of discovery in the case. (Doc. 26 at 3.)

Plaintiff has not shown good cause to hold the Rule 26(f) conference prior to the Court's ruling on Defendants' motion to dismiss. *See, e.g.*, *Johnson v. United Cont'l Holdings, Inc.*, No. C-12-2730 MMC, 2014 WL 12823346, at *1 (N.D. Cal. June 16, 2014) (denying motion to compel Rule 26(f) conference where the plaintiffs "fail[ed] to show why the [] conference should be conducted on an earlier date" than 21 days before the scheduling conference). The undersigned recognized the impracticality of holding a scheduling conference in view of the motion and continued the conference accordingly. (*See* Doc. 18.) It is equally not "practicable" to order Defendants to participate in a Rule 26(f) conference at this stage of the proceedings. Defendants' motion challenges the sufficiency of the complaint and may result in changes to the operative pleading. (*See* Docs. 17, 23.) "A complaint guides the parties' discovery, putting the defendant on notice of the evidence it needs to adduce in order to defend against the plaintiff's allegations." *Coleman v. Quaker Oats Company*, 232 F.3d 1271, 1292 (9th Cir. 2000). Until the motion to dismiss is resolved, the actual claims and defenses at issue will be unclear. Where, as here, the operative complaint is challenged by motion practice, "delaying discovery until the claims and defenses in the case are better defined reduces expenses, minimizes the burden of unnecessary discovery, and conserves judicial resources." *In re Morning Song Bird Food Litig.*, No. 12CV1592-JAH(RBB), 2013 WL 12143947, at *3 (S.D. Cal. Jan. 25, 2013) (denying motion to compel Rule 26(f) conference in view of pending motion to dismiss). *See also Contentguard Holdings, Inc. v. ZTE Corp.*, CASE NO. 12cv1226–CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013) (same, observing "[i]t would be inefficient and cause unnecessary expense for the parties to engage in discovery on claims that may not survive and defenses and counterclaims that may not be asserted").

### III.    CONCLUSION AND ORDER

In the absence of good cause, Plaintiff's efforts to conduct the Rule 26(f) conference, and thereby pursue discovery, are premature. Moreover, the undersigned is disinclined to find that the exercise of judicial economy in this case constitutes an improper stay of discovery. Discovery cannot be stayed until it is opened. It is not opened until the Rule 26(f) conference occurs. The

1 | Rule 26(f) conference shall occur "as soon as practicable" following the Court's ruling on
2 | Defendants' motion to dismiss, but in any event no later than September 12, 2019, 21 days before
3 | the scheduling conference.

Accordingly, Plaintiff's motion to compel (Doc. 21) is denied.

IT IS SO ORDERED.

Dated:  **July 17, 2019**                                      /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE