Howard A. Sagaser, State Bar No. 72492
Ian B. Wieland, State Bar No. 285721
David G. Litman, State Bar No. 285768
**SAGASER, WATKINS & WIELAND, PC**
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000
Facsimile: (559) 473-1483

Lynn E. Calkins (Pro Hac Vice)
**HOLLAND & KNIGHT, LLP**
800 17th Street N.W., Suite 1100
Washington, D.C. 20006
Telephone: (202) 457-7041
Facsimile: (202) 955-5564

Chelsea Ashbrook McCarthy (Pro Hac Vice)
**HOLLAND & KNIGHT, LLP**
150 N. Riverside Plaza, Ste. 2700
Chicago, IL 60606
Telephone: (312) 263-3600
Facsimile: (312) 578-6518

Attorneys for Defendants Kruse Western, Inc., The Kruse Western, Inc. Board of Directors, The Administration Committee, Kevin Kruse, and GreatBanc Trust Co.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY, KEVIN KRUSE, THE KRUSE-WESTERN, INC. BOARD OF DIRECTORS, THE ADMINISTRATION COMMITTEE, and JOHN AND JANE DOES 1-30,<br><br>Defendants. | CASE NO. 19-cv-00239-DAD-SKO<br><br>**MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, MOTION FOR SUMMARY JUDGMENT**<br><br>Date:        March 3, 2020<br>Time:       9:30 am<br>Courtroom: 5<br>Judge:      Hon. Dale A. Drozd<br><br>Complaint filed: February 19, 2019<br>Amended Complaint Filed: August 16, 2019 |

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................................... 1
II. STATEMENT OF FACTS ............................................................................................. 1
III. LEGAL STANDARD ..................................................................................................... 2
IV. ARGUMENT .................................................................................................................. 5
   A. PLAINTIFF SIGNED A KNOWING AND VOLUNTARY RELEASE OF CLAIMS ................................................................................................................ 5
   B. EACH OF THE DEFENDANTS ARE RELEASED PARTIES. ........................ 8
      1. GreatBanc Trust Company ....................................................................... 9
      2. Board of Directors and Kevin Kruse ...................................................... 10
      3. The Administration Committee .............................................................. 10
   C. PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE RELEASE. ........ 11
V. CONCLUSION ............................................................................................................. 13

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

i

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**
012749.00008 - 248759.1

# TABLE OF AUTHORITIES

**Cases**

*Abrego Abrego v. Dow Chem. Co.*,
    443 F.3d 676, 681–82 (9th Cir. 2006) ............................................................................... 4

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242, 252 (1986) .................................................................................................. 5

*Barnes v. Cty. of Placer*,
    654 F. Supp. 2d 1066, 1070 (E.D. Cal. 2009) .................................................................. 5

*Bennett v. CNA Ins. Cos.*,
    No. C-99-03127-EDL, 2001 WL 30533, at *4 (N.D. Cal. Jan. 5, 2001) ....................... 11

*Bowles v. Reade*,
    198 F.3d 752, 760 (9th Cir. 1999) ............................................................................. 11, 12

*Celotex Corp. v. Catrett*,
    477 U.S. 317, 323–24 (1986) ........................................................................................... 4

*Doleman v. Meiji Mut. Life Ins. Co.*,
    727 F.2d 1480, 1482 (9th Cir. 1984) ............................................................................... 3

*Dorman v. Charles Schwab Corp.*,
    780 Fed. App'x 510, 514 (9th Cir. 2019) ....................................................................... 12

*Fitz v. Schlesinger*,
    957 F.2d 78, 82 (2d Cir. 1992) ........................................................................................ 5

*Gonda v. Permanente Med. Group, Inc.*,
    691 Fed. App'x 397, 399 (9th Cir. 2017) ........................................................................ 5

*Halldorson v. Wilmington Trust*,
    182 F. Supp. 3d 531, 545 (E.D. Va. 2016) .................................................................... 10

*Hammer v. City of Sun Valley*
    700 Fed. App'x 659, 660 (9th Cir. 2017) ........................................................................ 4

*Howell v. Motorola, Inc.*,
    No. 03 C 5044, 2005 WL 2420410, at *6–*7 (N.D. Ill. Sept. 30, 2005) ...................... 10

*Innis v. Bankers Trust Co. of S.D.*,
    No. 4:16-cv-00650-RGE-SBJ, 2019 WL 2714509, at *6 (S.D. Iowa Apr. 30, 2019) .7, 10, 12, 13

*Kramer v. Vendome Group LLC*,
    No. 11 Civ. 5245 (RJS), 2012 WL 4841310, at *5 (S.D.N.Y. Oct. 4, 2012) ................. 8

*Leavitt v. Northwestern Bell Telephone Co.*,
    921 F.2d 160, 163 (8th Cir. 1990) ................................................................................... 7

*Liyan He v. Cigna Life Ins. Co. of New York*,
    No. 14-cv-2180, 2017 WL 4350570, at *2 n.2 (same) ............................................. 10, 11

*Marder v. Lopez*,
    450 F.3d 445, 448 (9th Cir. 2006) ................................................................................... 3

*Morais v. Cen. Beverage Corp. Union Employees' Supplemental Retirement Plan*,
    167 F.3d 709, 713 (1st Cir. 1999) ............................................................................ 5, 6, 7

*Morgan v. Cty. of Yolo*,
    436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006) ................................................................ 2

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

*Munoz v. PHH Corp.*,
    No. 1:08-CV-00759, 2014 WL 3906484, at *2 (E.D. Cal. Aug. 11, 2014) ................................. 4

*Parisi v. Kaiser Foundation Health Plan Long Term Disability Plan*,
    No. C 06-04359, 2008 WL 220101, at *4 (N.D. Cal. Jan. 25, 2008) ..................................... 5

*Parrino v. FHP, Inc.*
    146 F.3d 699, 706 (9th Cir. 1998) ............................................................................. 4

*Perez v. Bruister*,
    823 F.3d 250, 265–66, 270 (5th Cir. 2016) ................................................................ 12

*Piehl v. metro. Life Ins. Co.*,
    No. Civ. 03-669-MO, 2005 WL 627586, at *3 (D. Or. Mar. 16, 2005) ............................. 11

*Shields v. Amerigas Propane, Inc.*,
    No. CV 15-7245-GW(PJWX), 2016 WL 7173798, at *1 (C.D. Cal. Feb. 1, 2016) ........... 3, 4

*Skinner v. Am. Med. Response Ambulance Serv., Inc.*,
    No. 10-CV-981-WQH-WMC, 2011 WL 839562, at *3 (S.D. Cal. Mar. 4, 2011) ................. 4

*Sperduto v. Time Warner Cable, Inc.*,
    No. EDCV 17-00110 JGB (SPx), 2018 WL 6177239, at *6 (C.D. Cal. Aug. 13, 2018) .... 6, 11

*Spokeo, Inc. v. Robins*,
    136 S.Ct. 1540, 1547–48 (2016) ............................................................................... 13

*Sullivan v. Cap Gemini Ernst & Young US*,
    518 F. Supp. 2d 983, 994 (N.D. Ohio 2007) ................................................................. 8

*Upadhyay v. Aetna Life Ins. Co.*,
    No. C 13-01368 SI, 2014 WL 883456, at *5 (N.D. Cal. Mar. 3, 2014) .............................. 6

*Varity Corp. v. Howe*,
    516 U.S. 489, 535 (1996) ........................................................................................... 9

*Yang v. Dar Al-Handash Consultants*,
    250 F. App'x 771, 773 (9th Cir. 2007) ........................................................................ 3

**Statutes**
29 United States Code Annotated § 1103 ........................................................................ 9
Federal Rule of Civil Procedure 12(c) .............................................................................. 2
Federal Rule of Civil Procedure 12(b) .............................................................................. 3
Federal Rule of Civil Procedure 12(c) .............................................................................. 1
Federal Rule of Civil Procedure 56(c) ...................................................................... 1, 2, 5

**Other Authorities**
Black's Law Dictionary (10th ed. 2014) ........................................................................... 9

Pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and alternatively Rule 56(a) of the Federal Rules of Civil Procedure, all served Defendants respectfully submit this Memorandum in Support of Defendants' Motion for Judgment on the Pleadings, or in the alternative, Motion for Summary Judgment, on all counts of the Amended Complaint (ECF No. 34).

## I.

## INTRODUCTION

As was discussed briefly during the hearing on November 5, 2019, Plaintiff lacks the ability to bring this action at all, and judgment should be entered for Defendants.[1] As raised in the Second Affirmative Defense of GreatBanc Trust Company, Kevin Kruse, and the Kruse Western, Inc. Board of Directors, Plaintiff signed a severance agreement upon termination of his employment wherein he expressly released the claims he has now brought in this action in exchange for a severance payment and other consideration. Given that Plaintiff is unable to pursue this action, Plaintiff's Complaint should be dismissed in its entirety.

## II.

## STATEMENT OF FACTS

Plaintiff was hired by Western Milling on December 8, 2015 – after the inception of the Western Milling Employee Stock Ownership Plan ("ESOP") on November 4, 2015. Statement of Undisputed Facts in Support of Defendants' Motion for Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment (herein after referred to as "SOF") ¶¶ 1, 13.[2] Plaintiff first became a participant in the ESOP on January 1, 2017. SOF ¶ 15.

On or about May 18, 2018, Plaintiff left the employment of Western Milling and, in consideration for the payment set forth therein, executed a Severance Agreement, which contained a release. SOF ¶ 16–21, 23–29. Specifically, Plaintiff released Western Milling, LLC, "its

---

[1] Given that Defendants have no intention of delaying the final resolution of this matter and in light of the cautionary statement about the Court's limited resources relayed during the hearing on November 5, 2019, Defendants are filing this motion in time to be heard before the scheduled case management conference on February 27, 2020. Plaintiff's counsel, however, was not available for the Court's February hearing dates.

[2] For the Court's convenience, Defendants have included within the Statement of Undisputed Facts the material that the Court can consider for purposes of the motion for judgment on the pleadings.

1

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 248759.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

subsidiaries and affiliates, and their respective present, former, and future officers, directors, employees, stockholders, attorneys, insurers, and agents, and their respective heirs, executors, administrators, successors, and assigns from any and all claims, demands, causes of action, obligations and liabilities whatsoever, whether or not presently known or unknown, or fixed or contingent . . . including, but not limited to, claims, demands or causes of action under . . . Employee Retirement Income Security Act . . . ." SOF ¶ 26.

Plaintiff filed his initial Complaint in this action on February 19, 2019 (ECF No. 1) and an Amended Complaint on August 16, 2019 (ECF No. 34) (collectively, the "Complaint"), asserting claims that Plaintiff waived against parties that he expressly released by executing his Severance Agreement. Kevin Kruse admits that he is a director of Kruse Western, an affiliate of Western Milling, and was released by Plaintiff. SOF ¶ 10. The Board of Directors are, by definition, directors of Kruse Western. GreatBanc Trust admits that it is the trustee of the ESOP trust, which holds all outstanding shares of Kruse Western stock; accordingly, it is a "stockholder" or an "administrator" of Kruse Western's sole shareholder and a released party. SOF ¶¶ 5–6. And, the Administration Committee is an agent of the ESOP, which itself is an affiliate of Western Milling. SOF ¶¶ 11–12. Because Plaintiff released his claims against each of the Defendants, Plaintiff cannot maintain this action and judgment should be entered in favor of all Defendants on all aspects of the Complaint.

### III.
### LEGAL STANDARD

Defendants move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, in the alternative, for summary judgment pursuant to Rule 56.

"Judgment on the pleadings is appropriate if, assuming the truth of all materials facts pled in the complaint, the moving party is nonetheless entitled to judgment as a matter of law." *Morgan v. Cty. of Yolo*, 436 F. Supp. 2d 1152, 1155 (E.D. Cal. 2006), aff'd, 277 Fed. App'x 734 (9th Cir. 2008). The standard for granting a motion for judgment is the same as for a motion to dismiss. *Id.* The primary difference between the two is timing, with motions for judgment on the pleadings filed

after pleadings have closed, and motions to dismiss generally filed before an Answer is filed. *Id.* Thus, a court is to dismiss a claim pursuant to a motion for judgment on the pleadings where "the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). In so doing, the Court must "(1) construe a claim in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them." *Shields v. Amerigas Propane, Inc.*, No. CV 15-7245-GW(PJWX), 2016 WL 7173798, at *1 (C.D. Cal. Feb. 1, 2016). However, the plaintiff must plead facts that are "plausible on [their] face," and "[t]he court need not accept as true 'legal conclusions merely because they are cast in the form of factual allegations.'" *Id.* (internal citations omitted).

On a motion for judgment on the pleadings, the court may consider "the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable[,] and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Shields*, No. CV 15-7245-GW(PJWX), 2016 WL 7173798, at *2 (issuing a tentative ruling granting in part a motion for judgment on the pleadings). Thus, the court "may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). "The court may treat such a document as "part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6)." *Id.*

It is proper here for the Court to consider the Release, the ESOP Plan, and the ESOP Trust in ruling on the motion for judgment on the pleadings. The Ninth Circuit in *Marder* considered a release of claims signed by plaintiff as "central to her claim" in affirming the lower court's grant of defendants' motion to dismiss. *Id.* at 454; *see also Yang v. Dar Al-Handash Consultants*, 250 F. App'x 771, 773 (9th Cir. 2007) (finding defendant was entitled to judgment on the pleadings where "the only reasonable interpretation" of an indemnity clause was dismissal); *Skinner v. Am. Med.*

3

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT

*Response Ambulance Serv., Inc.*, No. 10-CV-981-WQH-WMC, 2011 WL 839562, at *3 (S.D. Cal. Mar. 4, 2011) (considering plaintiff's signed release in granting in part defendant's motion for judgment on the pleadings). Likewise, the Ninth Circuit in *Hammer v. City of Sun Valley* held the lower court did not err in considering a former employee's release, signed in exchange for a severance payment, on a motion for judgment on the pleadings without converting it to a motion for summary judgment. 700 Fed. App'x 659, 660 (9th Cir. 2017) (finding that because contract interpretation is a matter of law where the terms are unambiguous under Idaho law, the court may interpret the unambiguous language of the release); *see also Shields*, No. CV 15-7245-GW(PJWX), 2016 WL 7173798 (considering the plaintiff's release of claims on a motion for judgment on the pleadings without converting it to a motion for summary judgment). Additionally, Plaintiff agreed in conjunction with Defendants' motion to dismiss the Amended Complaint that the Plan could be considered at the pleadings stage because it is incorporated by reference into the Complaint. ECF No. 51-1 at p. 2 n. 1. Because the Plan document specifies that the ESOP Trust Agreement forms part of the Plan, the Trust Agreement can likewise be considered by the Court at the pleadings stage. SOF ¶ 3; *Parrino v. FHP, Inc.* 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 681–82 (9th Cir. 2006), (considering group health plan application on motion to dismiss claims under ERISA "[b]ecause Parrino's claims rest on his membership in FHP's plan and on the terms of the plan, documents governing plan membership, coverage, and administration are essential to his complaint").

Alternatively, a court may convert a motion for judgment on the pleadings to a motion for summary judgment if the moving party presents matters outside the pleadings, if those matters that are not incorporated by reference in the complaint or judicially noticeable and the court relies on them. *Munoz v. PHH Corp.*, No. 1:08-CV-00759, 2014 WL 3906484, at *2 (E.D. Cal. Aug. 11, 2014). A primary purpose of the summary judgment rule is to "dispose of factually unsupported claims," and "it should be interpreted in a way that allows it to accomplish this purpose." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is appropriate where "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter

of law." Fed. R. Civ. P. 56(c). "The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact for trial." *Barnes v. Cty. of Placer*, 654 F. Supp. 2d 1066, 1070 (E.D. Cal. 2009), *aff'd*, 386 F. App'x 633 (9th Cir. 2010). "If the moving party meets its burden, the burden of production then shifts so that "the non-moving party must set forth, by affidavit or as otherwise provided in Rule 56, 'specific facts showing that there is a genuine issue for trial.'" *Id.* The non-moving party may not rely on a mere "scintilla of evidence" but must rely on "evidence on which the jury could reasonably find for [the non-moving party]." *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

## IV.

## ARGUMENT

Judgment should be entered in favor of Defendants because Plaintiff knowingly and voluntarily released the claims in this lawsuit against each of the Defendants, and Plaintiff cannot otherwise bring the claims on behalf of the Plan.

### A. PLAINTIFF SIGNED A KNOWING AND VOLUNTARY RELEASE OF CLAIMS.

The Release Plaintiff signed was signed knowingly and voluntarily and is enforceable under ERISA. Whether a release is knowing and voluntary and, hence, enforceable under ERISA is based on the totality of the circumstances. *Morais v. Cen. Beverage Corp. Union Employees' Supplemental Retirement Plan*, 167 F.3d 709, 713 (1st Cir. 1999), cited in *Gonda v. Permanente Med. Group, Inc.*, 691 Fed. App'x 397, 399 (9th Cir. 2017). Factors courts consider in this analysis are: "(1) plaintiff's education and business sophistication; (2) the respective roles or [*sic*] employer and employee in determining the provisions of the waiver; (3) the clarity of the agreement; (4) the time plaintiff had to study the agreement; (5) whether plaintiff had independent advice, such as that of counsel; and (6) the consideration for the waiver." *Parisi v. Kaiser Foundation Health Plan Long Term Disability Plan*, No. C 06-04359, 2008 WL 220101, at *4 (N.D. Cal. Jan. 25, 2008); *see also Fitz v. Schlesinger*, 957 F.2d 78, 82 (2d Cir. 1992).

The unambiguous plain language of the Release, without resort to extrinsic evidence, supports the conclusion that, based on the totality of the circumstances, the Release was knowing

and voluntary. *Cf. Morais*, 167 F.3d at 712–13 (relying on unambiguous language of release and disregarding extrinsic evidence that contradicted its plain language in finding that release of ERISA claims was enforceable). The Release is clear. Its plain language, which begins on the first page under the heading "General Release," states that Plaintiff is releasing claims under ERISA:

> **2. General Release**
>
> a.   In consideration of Employee's agreement hereunder, including, but not limited to, the Severance Payment offered by Employer to Employee hereunder, Employee . . . hereby releases and forever discharges Employer, its subsidiaries and affiliates, and their respective present, former, and future officers, directors, employees, stockholders, attorneys, insurers, and agents, and their respective heirs, executors, administrators, successors and assigns (collectively, "the Releasees") from any and all claims, demands, causes of action, obligations and liabilities whatsoever, whether or not presently known or unknown, or fixed or contingent . . . including, but not limited to, claims, demands or causes of action under . . . Employee Retirement Income Security Act . . .

SOF ¶ 26. *See Sperduto v. Time Warner Cable, Inc.*, No. EDCV 17-00110 JGB (SPx), 2018 WL 6177239, at *6 (C.D. Cal. Aug. 13, 2018) ("Courts . . . have found releases were knowing and voluntary where the contracts specifically stated that they applied to employee benefit plans and ERISA claims." (citation omitted)); *Upadhyay v. Aetna Life Ins. Co.*, No. C 13-01368 SI, 2014 WL 883456, at *5 (N.D. Cal. Mar. 3, 2014) (upholding release of ERISA claims where the release expressly stated that it applied to any claims arising under ERISA).

In a separate paragraph immediately after the specific release of ERISA claims, Plaintiff again acknowledges and agrees that he was executing a general release:

> i.   The foregoing release is a general release of claims, demands, causes of action, obligation, damages, and liabilities of any nature whatsoever, and is intended to encompass all known and unknown, foreseen and unforeseen claims which he may have against the Releasees, or any of them, as of the moment he signs this Agreement, except for those claims which may arise out of the terms of this Agreement.

SOF ¶ 27. Immediately above his signature, Plaintiff acknowledges a third time that he was releasing all claims:

> **19. Voluntary Execution of Agreement.** Employee understands and agrees that he executed this Agreement voluntarily, without any duress or undue influence on the part or behalf of Employer or any third party, **with the full intent of releasing all of his claims against Employer and any of the other Releasees**. Employee acknowledges that: (a) he has read this Severance Agreement; (b) he has been represented in the preparation, negotiation, and execution of this Severance Agreement by legal counsel of his own choice or has voluntarily elected not to retain legal counsel; (c) he understands the terms and consequences of this Severance Agreement and of the releases it contains; and (d) he is fully aware of the legal and binding effect of this Severance Agreement.

SOF ¶ 28 (second emphasis added). The clarity of the Release thus weighs in favor of Defendants. *Innis v. Bankers Trust Co. of S.D.*, No. 4:16-cv-00650-RGE-SBJ, 2019 WL 2714509, at *6 (S.D. Iowa Apr. 30, 2019) (noting that clarity of release language, including acknowledgement immediately above signature, weighed in favor of finding the release knowing and voluntary).

Plaintiff also acknowledges in Section 19 of the Release that he had the opportunity to speak with legal counsel. SOF ¶ 28. Plaintiff agreed that he was represented in the preparation of the Release or voluntarily elected not to retain counsel. *Id.* He acknowledges that he entered into the Release voluntarily and that he read and understood the terms of the Release. *Id.* Plaintiff signed the Release immediately below this affirmation. These facts weigh in Defendants' favor. *Leavitt v. Northwestern Bell Telephone Co.*, 921 F.2d 160, 163 (8th Cir. 1990) ("The release advised Leavitt of his right to consult an attorney, but Leavitt chose to sign the release without obtaining legal advice."); *see also Morais*, 167 F.3d at 713 (crediting unambiguous language of release stating that plaintiff sought advice from counsel and union officials in finding that release was knowing and voluntary). While the Release is not clear about the roles of Plaintiff and the Company in determining the provisions of the waiver, the fact that Plaintiff acknowledged that he consulted with counsel or chose not to consult with counsel neutralizes any negative inference against Defendants as to this factor. *Cf. Morais*, 167 F.3d at 714 (finding that plaintiff's access to outside advisors neutralized negative inference from plaintiff's limited education and concluding that release was enforceable).

In addition, Plaintiff received consideration for the Release. The Release specifies that Plaintiff received the sum of $2,500. The Release states that this Severance Payment was paid as

consideration for the resolution of any and all claims Plaintiff may have. SOF ¶¶ 17, 26. As additional consideration, the Company agreed not to contest unemployment if Plaintiff chose to submit a claim; and the Company agreed to give Plaintiff a neutral reference to prospective employers. SOF ¶ 23. This amounts to sufficient consideration to conclude that the Release was knowing and voluntary. *Kramer v. Vendome Group LLC*, No. 11 Civ. 5245 (RJS), 2012 WL 4841310, at *5 (S.D.N.Y. Oct. 4, 2012) ("Thus, as a result of signing the Release, Plaintiff received a month's salary and other benefits that she would not have been entitled to had she simply been terminated. . . . Accordingly, this factor weighs in favor of the validity of the Release.").

For these reasons, the unambiguous language of the Release demonstrates that it was a knowing and voluntary waiver.

However, if the Court concludes that consideration of extrinsic evidence is appropriate, the consideration of such evidence further supports a finding that the Release is enforceable. Plaintiff was not forced to sign the release at the time it was presented, although Plaintiff chose to do so. SOF ¶¶ 20–21. After signing it, Plaintiff specifically requested that the Company issue him a new severance check to reflect the taxes that had been initially withheld. SOF ¶¶ 23–25. This request demonstrates that Plaintiff had the power to negotiate the agreement. Further, the consideration paid to Plaintiff in exchange for the Release was equal to about one month of pay at Plaintiff's hourly wage in effect immediately prior to his departure. SOF ¶ 18. *Sullivan v. Cap Gemini Ernst & Young US*, 518 F. Supp. 2d 983, 994 (N.D. Ohio 2007) (holding that one month's salary was sufficient consideration, among other factors, to find release was knowing and voluntary).

**B.  EACH OF THE DEFENDANTS ARE RELEASED PARTIES.**

Each of the named Defendants—GreatBanc Trust Company, Kevin Kruse, The Kruse Western, Inc. Board of Directors, and The Administration Committee[3]—is covered by the Release. The Release provides that Plaintiff: "releases and forever discharges Employer [Western Milling, LLC], its subsidiaries and affiliates, and their respective present, former, and future officers,

---

[3] The Administration Committee is not at issue yet in the proceedings and has a motion to dismiss pending. However, Defendants address the applicability of the Release as to the Administration Committee for judicial efficiency.

directors, employees, stockholders, attorneys, insurers, and agents, and their respective heirs, executors, administrators, successors and assigns (collectively, "the Releasees") . . . ." SOF ¶ 26.

### 1. GreatBanc Trust Company

GreatBanc Trust Company is covered by the Release as a stockholder of Kruse Western stock or alternatively, as an "administrator" of a stockholder. The Release includes Western Milling and its affiliates. Kruse Western, Inc. operates Western Milling, LLC and is its sole manager; accordingly, it is an "affiliate" of Western Milling. SOF ¶¶ 8–9; *see Affiliate*, Black's Law Dictionary (10th ed. 2014) ("A corporation that is related to another corporation by shareholdings or other means of control; a subsidiary, parent, or sibling corporation."). Hence, Kruse Western, Inc. is within the scope of the Release, as an affiliate of Western Milling.

The Release also includes "stockholders" of "affiliates"; thus, the stockholders of Kruse Western, Inc. are also within the scope of the Release. The ESOP Trust holds all outstanding shares of Kruse Western stock. SOF ¶ 5. And the ESOP Trust may only act through its trustee, GreatBanc. *See* 14 Causes of Action 411 (2019 ed.) ("[A] trust can act only through its trustee . . . ."); 29 U.S.C.A. § 1103 ("[T]he trustee or trustees shall have *exclusive* authority and discretion to manage and control the assets of the plan . . . .") (emphasis added); *Varity Corp. v. Howe*, 516 U.S. 489, 535 (1996) ("[T]he trustee's authority over plan assets is exclusive . . . ."). Thus, because the ESOP Trust owns 100% of Kruse Western, Inc. stock, and the ESOP Trust is governed exclusively by GreatBanc, GreatBanc operates as the sole stockholder of Kruse Western, Inc. and is included in the Release.

Alternatively, GreatBanc is included within the scope of the Release as an administrator[4] of Kruse Western's sole stockholder. The general term "administrator" means "[s]omeone who manages or heads a business, public office, agency, or other organization." *Administrator*, Black's Law Dictionary (10th ed. 2014). Plaintiff alleges, and GreatBanc admits, that it holds, manages, and controls the ESOP Trust, whose primary asset is Kruse Western stock. SOF ¶¶ 5, 7. The ESOP Trust Agreement further confirms that GreatBanc, as Trustee, administers the ESOP Trust: "All

---

[4] GreatBanc is not contending it is the Administrator of the Plan under ERISA.

9

MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT
ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

012749.00008 - 248759.1

contributions made under the Plan will be held, managed, and controlled by the Trustee acting under this Trust Agreement, which forms part of the Plan. The administration of the Trust Fund [defined as 'all property of every kind held by the Trustee'] shall be coordinated with the administration of the Plan." SOF ¶ 7. Therefore, GreatBanc falls within the scope of the Release as the administrator of the sole shareholder of Western Milling LLC's affiliate, Kruse Western, Inc. *See Innis*, 2019 WL 2714509, at *8 (holding that trustee of ESOP fell within scope of release that included owners, members, stockholders, and affiliates, and "all persons acting on behalf of, by, through, under or in concert with any of them" because it was acting on behalf of the owners and stockholders).

### 2. Board of Directors and Kevin Kruse

Kevin Kruse and the Board are also released parties. The release includes "directors" of "Employer['s] [Western Milling, LLC's] . . . affiliates." SOF ¶ 26. As discussed above, Kruse Western, Inc. is an affiliate of Western Milling LLC, as its sole manager. Thus, the Kruse Western Board of Directors falls within the scope of the Release. Kevin Kruse admits that he is a member of the Kruse Western Board. SOF ¶ 10. Accordingly, he also falls within the scope of the Release.

### 3. The Administration Committee

The Administration Committee is also a released party because it is an "agent" of the ESOP, which is an "affiliate" of Western Milling LLC. The ESOP is an affiliate of Western Milling. It is undisputed that the ESOP is an employee benefit plan designed to be invested primarily in company stock. SOF ¶ 1. For these reasons, courts have routinely held that employee benefit plans are "affiliates" of the companies that sponsor them. *See, e.g., Halldorson v. Wilmington Trust*, 182 F. Supp. 3d 531, 545 (E.D. Va. 2016) (holding that ESOP Plan was an affiliate of the employer, reasoning that it "was formed for the benefit of [the] employees"); *Howell v. Motorola, Inc.*, No. 03 C 5044, 2005 WL 2420410, at *6–*7 (N.D. Ill. Sept. 30, 2005) (concluding that language of release extending to affiliates of company included employee benefit plan and finding that claims were barred by release); *Liyan He v. Cigna Life Ins. Co. of New York*, No. 14-cv-2180, 2017 WL 4350570, at *2 n.2 (same).

///

Furthermore, the Administration Committee is an "agent" of the ESOP. Courts have considered that administrators of employee benefit plans are agents of the sponsoring company or the employee benefit plan, which in turn is a company affiliate. *Piehl v. metro. Life Ins. Co.*, No. Civ. 03-669-MO, 2005 WL 627586, at *3 (D. Or. Mar. 16, 2005) (interpreting release of claims to include administrator of employee benefit plan); *Liyan He*, 2017 WL 4350570, at *2 (holding that plan administrator qualified as an "agent" of the company or the employee benefit plan). *Cf. Bennett v. CNA Ins. Cos.*, No. C-99-03127-EDL, 2001 WL 30533, at *4 (N.D. Cal. Jan. 5, 2001) (releasing claims against third party issuer of benefit as an agent of the company). Plaintiff specifically alleges the Administration Committee is the ESOP Plan Administrator under ERISA. SOF ¶ 11. It is responsible for administering the ESOP. SOF ¶ 12. Accordingly, the Administration Committee is an "agent" of the ESOP (or the Company) and falls within the scope of the Release.

### C.   PLAINTIFF'S CLAIMS ARE WITHIN THE SCOPE OF THE RELEASE.

The scope of the Release specifically extends to ERISA claims, and, accordingly, Plaintiff has released the claims in this lawsuit. The Release includes: "any and all claims, demands, causes of action, obligations and liabilities whatsoever, whether or not presently known or unknown, or fixed or contingent . . . including, but not limited to, claims demands or causes of action under . . . Employee Retirement Income Security Act . . . ." SOF ¶ 26. The clear language of this general release extends to ERISA claims. Accordingly, it bars Plaintiff's claims, each of which are brought under ERISA. *Sperduto*, 2018 WL 6177239, at *6 (release mentioning ERISA claims barred claims under ERISA); *Upadhyay*, 2014 WL 883456, at *5–*6 (same); *see also Innis*, 2019 WL 2714509, at *9 (concluding that plaintiff's general release of claims, which did not specifically mention ERISA, barred plaintiff's ERISA fiduciary claims and dismissing lawsuit with prejudice).

Defendants acknowledge that there is authority in the Ninth Circuit that an individual plaintiff cannot release claims of an ERISA plan to recover losses to the plan under Section 502(a)(2) without the plan's consent. *Bowles v. Reade*, 198 F.3d 752, 760 (9th Cir. 1999).[5] Defendants also

---

[5] The Ninth Circuit in *Bowles* observed that Plaintiff's claims in that case were really Section 502(a)(2) claims because they sought "a return to The Plans and all participants of all losses incurred and any profits gained from the alleged breach of fiduciary duty." *Bowles*, 198 F.3d at 759–60. As the Court in *Bowles* recognized, claims under 502(a)(3), which authorizes "other appropriate equitable relief," may be brought for individual

11

**MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 248759.1

acknowledge that Plaintiff purports to bring this case to "restore losses" to the Plan and claims to do so "on behalf of himself and other participants and beneficiaries." ECF No. 34, ¶ 1 and Requests for Relief. However, Defendants dispute that the decision in *Bowles* precludes dismissal of Plaintiff's claims. In *Bowles*, the court held that an individual settlement agreement and release between the plaintiff and the defendant fiduciary, made without the consent of the plans that were themselves parties to the litigation, could not bar the plans from pursuing the ERISA breach of fiduciary duty claims under Section 502(a)(2) pending against the defendant fiduciary because such claims were not "truly individual." *Bowles*, 198 F.3d at 759–60.

In contrast, here, Defendants are not arguing that Plaintiff's Release prevents *the Plan* from pursuing a claim for breach of fiduciary duty under Section 502(a)(2). Rather, Defendants' argument is that *Plaintiff* is not entitled to pursue such claims on behalf of the Plan. *Innis*, 2019 WL 2714509, at *9 (distinguishing *Bowles v. Reade* and finding that release barred plaintiff from bringing claims purportedly "on behalf of" the plan); *see also Bowles*, 198 F.3d at 761 (noting that an amended complaint was filed joining a replacement trustee to present the plan participants' interests). *Cf. Dorman v. Charles Schwab Corp.*, 780 Fed. App'x 510, 514 (9th Cir. 2019) (holding that plan participant did not "waive any rights that belong to the Plan" in arbitration clause because "[w]hen an individual participant agrees to arbitrate, he does not give up any substantive rights that belong to other Plan participants.").

Plaintiff released his claims in exchange for consideration from the Company. And Plaintiff did not become a participant in the ESOP until January 1, 2017, over a year after the close of the transaction. SOF ¶¶ 1, 15. The Amended Complaint seeks to recover losses to the ESOP based solely on the allegedly inflated price the ESOP paid in *2015* for the stock. Courts have concluded that losses as a result of any breach of fiduciary duty or overpaying for company stock are incurred <u>at the time of the transaction in question</u>. *See Perez v. Bruister*, 823 F.3d 250, 265–66, 270 (5th Cir. 2016) (concluding that the correct measure of damages if a court finds a violation to be the amount the participants overpaid for the stock at the time of the transaction, not the difference between the

---

relief; accordingly, the holding in *Bowles* does not apply to Plaintiff's claim for equitable relief under Section 502(a)(3).

purchase price and the current price). Because Plaintiff was not a participant when the alleged loss occurred, Plaintiff is not a proper person to bring a claim "on behalf of" the Plan. *Cf. Spokeo, Inc. v. Robins*, 136 S.Ct. 1540, 1547–48 (2016) (requiring that regardless of any statutory right to bring a claim, a plaintiff must show an injury-in-fact and concrete harm to satisfy constitutional standing requirement); *see also Innis*, 2019 WL 2714509, at *12. For these reasons, Plaintiff's release bars him from bringing the claims in this lawsuit.

## V.

## CONCLUSION

Because Plaintiff has released his claims against all Defendants, Defendants respectfully request that the Court grant their motion and dismiss Plaintiff's claims with prejudice.

Dated: December 6, 2019        SAGASER, WATKINS & WIELAND PC

By: /s/Ian B. Wieland
Howard A. Sagaser
Ian B. Wieland
Christopher M. Rusca
Attorneys for Defendants GreatBanc Trust Company, Kevin Kruse, Kruse Western, Inc., The Kruse Western Inc. Board of Directors, and The Administration Committee