1  Howard A. Sagaser, State Bar No. 72492
2  Ian B. Wieland, State Bar No. 285721
   David G. Litman, State Bar No. 285768
   **SAGASER, WATKINS & WIELAND, PC**
3  5260 North Palm Avenue, Suite 400
   Fresno, California 93704
4  Telephone: (559) 421-7000
   Facsimile: (559) 473-1483
5
   Lynn E. Calkins (Pro Hac Vice)
6  **HOLLAND & KNIGHT, LLP**
   800 17th Street N.W., Suite 1100
7  Washington, D.C. 20006
   Telephone: (202) 457-7041
8  Facsimile: (202) 955-5564
9  Chelsea Ashbrook McCarthy (Pro Hac Vice)
   **HOLLAND & KNIGHT, LLP**
10 150 N. Riverside Plaza, Ste. 2700
   Chicago, IL 60606
11 Telephone: (312) 263-3600
   Facsimile: (312) 578-6518
12
13 Attorneys for Defendants Kruse Western, Inc., The Kruse Western, Inc. Board of Directors, The
   Administration Committee, Kevin Kruse, and GreatBanc Trust Co.

14                        UNITED STATES DISTRICT COURT

15                       EASTERN DISTRICT OF CALIFORNIA

16

17 ARMANDO ZAVALA, individually and on        ) CASE NO. 19-cv-00239-DAD-SKO
   behalf of all others similarly situated,    )
18                                              )
              Plaintiff,                        ) **REPLY IN SUPPORT OF**
19                                              ) **MOTION FOR JUDGMENT ON THE**
   v.                                           ) **PLEADINGS, OR ALTERNATIVELY,**
20                                              ) **MOTION FOR SUMMARY JUDGMENT**
   GREATBANC TRUST COMPANY, KEVIN               )
21 KRUSE, THE KRUSE-WESTERN, INC.               ) Date:  March 3, 2020
   BOARD OF DIRECTORS, THE                      ) Time:  9:30 am
22 ADMINISTRATION COMMITTEE, and                ) Courtroom:  5
   JOHN AND JANE DOES 1-30,                     )
23                                              ) Complaint filed:  February 19, 2019
              Defendants.                       ) Amended Complaint Filed:  August 16, 2019
24 _____ )

25

26

27

28

────────────────────────────────────────────────
**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**
012749.00008 - 256811.1

(left margin vertical text) SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1

**TABLE OF CONTENTS**

2    I.      PLAINTIFF'S CLAIMS ARE BARRED BY HIS RELEASE. .......................................... 1

3          A.    Mr. Zavala Does Not Have an Injury to Pursue "on Behalf of" the Plan. ...................... 1

           B.    Plaintiff's Release was Knowing and Voluntary. ............................................. 5

4          C.    GreatBanc and The Administration Committee are Released Parties. ............................ 8

5    II.     PLAINTIFF'S PROCEDURAL CONCERNS ARE INSUFFICIENT GROUNDS TO
              DENY THE MOTION. ............................................................................................. 11

6          A.    The Motion for Judgment on the Pleadings is Procedurally Proper. ............................. 11

7          B.    The Court can Consider the Material That was Submitted in Ruling on the Motion
                 for Judgement on the Pleadings ............................................................................... 12

8          C.    The Court can Treat the Motion as one for Summary Judgment and Enter Judgment
9                in Defendants' Favor. ............................................................................................... 13

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

1

## TABLE OF AUTHORITIES

2

**Cases**

*Barnes v. Cty. of Placer,*
   654 F. Supp. 2d 1066, 1070 (E.D. Cal. 2009), *aff'd*, 386 F. App'x 633 (9th Cir. 2010)..............13

*Bennett v. CNA Ins. Cos.,*
   No. C-99-03127-EDL, 2001 WL 30533, at *4 (N.D. Cal. Jan. 5, 2001) ................................5, 10

*Bowles v. Reade,*
   198 F.3d 752 (9th Cir. 1999)................................................................................1, 2, 3, 4

*Celotex v. Catrett,*
   477 U.S. 317, 323–324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) ......................................13

*Cryer v. Franklin Templeton Resources, Inc.,*
   No. C 16-4265 CW, 2017 WL 818788, at *3 (N.D. Cal. Jan. 17, 2017) ...............................3

*Doe v. United States,*
   419 F.3d 1058, 1061 (9th Cir. 2005).....................................................................11

*Dorman v. Charles Schwab Corp.,*
   780 F. App'x 510 (9th Cir. 2019)........................................................................2, 3

*Gonda v. The Permanente Med. Group, Inc.,*
   691 F. App'x 397 (9th Cir. 2017)...........................................................................5

*Gonda v. The Permanente Med. Group, Inc.,*
   No. 11-cv-01363, 2015 WL 678969, at *7 (N.D. Cal. Feb. 17, 2015) ...........................5

*Groska v. N. States Power Co. Pension Plan,*
   No. 05-114 (JNE/FLN), 2007 WL 2791119, at *3 (D. Minn. Sept. 24, 2007)............8, 10

*Halldorson v. Wilmington Trust,*
   182 F. Supp. 3d 531, 539–42 (E.D. Va. 2016)..................................................4, 10

*Halvorson v. Boy Scouts of Am.,*
   215 F.3d 1326, at *3 (6th Cir. 2000)......................................................................7

*Henry v. U.S. Trust Co. of Cal.,*
   569 F.3d 96 (2d Cir. 2009).....................................................................................3

*Howell v. Motorola, Inc.,*
   633 F.3d 552, 561 (7th Cir. 2011).........................................................................4

*Howell v. Motorola, Inc.,*
   No. 03 C 5044, 2005 WL 2420410, at *6–*7 (N.D. Ill. Sept. 30, 2005) ......................10

*In re Schering Plough Corp. ERISA Litigation,*
   589 F.3d 585, 594 (3rd Cir. 2009) .........................................................................4

*Innis v. Bankers Trust Co. of S.D.,*
   No. 4:16-cv-00650, 2019 WL 2714509, at *12 (S.D. Iowa, Apr. 30, 2019) .................4, 9

*JDS Uniphase Corp. ERISA Litig.,*
   No. 03-04743 WWS, 2006 WL 2597995 (N.D. Cal. Sept. 11, 2006) .............................3

*Johnson v. Couturier, In re JDS Uniphase Corp. ERISA Litigation*
   No. 2:05CV02046 RRBKJM, 2006 WL 2943160, at *2 (E.D. Cal. Oct. 13, 2006)...............3

*Khoja v. Orexigen Therapeutics, Inc.,*
   899 F.3d 988, 1002 (9th Cir. 2018)..................................................................12, 13

*Kramer v. Vendome Group LLC,*
   No. 11 Civ. 5245 (RJS), 2012 WL 4841310, at *5 (S.D.N.Y. Oct. 4, 2012) .....................8

*LaRue v. DeWolff, Boberg & Assocs., Inc.,*
   552 U.S. 248 (2008) ...............................................................................................3

*Leavitt v. Northwestern Bell Telephone Co.,*
   921 F.2d 160, 162 (8th Cir. 1990)..........................................................................4

*Liyan He v. Cigna Life Ins. Co. of New York,*
   No. 14-cv-2180, 2017 WL 4350570, at *2 (S.D.N.Y. July 7, 2017) ..............................10

*Marchand v. Northrop Grumman Corp.,*
   No. 16-cv-06825-BLF, 2017 WL 2633132, at *5 (N.D. Cal. June 19, 2017) ....................5

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

*Marder v. Lopez,*
   450 F.3d 445, 448 (9th Cir. 2006)..................................................................................12
*Morais v. Cent. Beverage Corp. Union Employees' Supplemental Retirement Plan,*
   167 F.3d 709, 713–14 (1st Cir. 1999)............................................................................6, 7
*Perez-Jones v. Liberty Life Assurance Co. of Bos.,*
   No. LA CV 11-09518, 2013 WL 12126747, at *10 (C.D. Cal. Apr. 30, 2013) .........................10
*Piehl v. Metro. Life Ins. Co.,*
   No. Civ. 03-669-MO, 2005 WL 627586, at *3 (D. Or. Mar. 16, 2005) ...............................10
*Rabin v. Parchem Trading Inc. Profit Sharing Plan*
   No. 13 CV 9201 (VB), 2015 WL 861746, at *4 n.2 (S.D.N.Y. Jan. 30, 2015) .........................10
*Roldan v. Callahan & Blaine,*
   219 Cal. App. 4th 87, 93 (2013) ....................................................................................5
*Rombeiro v. Unum Insurance Co.* ...................................................................................8
*Shaw v. Jar-Ramona Plaza, LLC,*
   No. 5:13-cv-01563-CAS(SPx), 2015 WL 1275294, at *6 (C.D. Cal. Mar. 16, 2015)..............2, 4
*Simon v. Eastern Kentucky Welfare Rights Organization,*
   426 U.S. 26 (1976) ......................................................................................................2
*Smith v. T-Mobile USA, Inc.,*
   570 F.3d 1119, 1123 (9th Cir. 2009) ..............................................................................2
*Sperduto v. Time Warner Cable, Inc.,*
   No. EDCV1700110JGBSPX, 2018 WL 6177239, at *6 (C.D. Cal. Aug. 13, 2018).....................7
*Spokeo, Inc. v. Robins,*
   136 S. Ct. 1540, 1547 n. 6 ..........................................................................................2, 4
*Varity Corp. v. Howe,*
   516 U.S. 489 (1996) ..................................................................................................4, 9
*Wagner v. Stiefel Labs., Inc.,*
   No. 1:12-cv-3234-MHC, 2015 WL 4557686, at *12–*13 (N.D. Ga. June 18, 2015) ..................4
*Watson v. County of Santa Clara*
   No. C-06-04029 RMW, 2007 WL 2043852, at *1 (N.D. Cal. July 12, 2007)...........................11
*Werb v. ReliaStar Life Ins. Co.,*
   847 F. Supp. 2d 1140, 1152 (D. Minn. 2012) ..................................................................10
*Whitson v. Bumbo,*
   No. C 07-05597 MHP, 2009 WL 1515597, at *4 (N.D. Cal. Apr. 16, 2009)...........................11

**Statutes**
26 U.S.C. § 4975(e)(7).................................................................................................3
29 U.S.C. § 1103(a) ....................................................................................................9
29 U.S.C. § 1109(a) ....................................................................................................2
29 U.S.C. § 1132(a) ..................................................................................................2, 4

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC

ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1    Once again, the issues posed by Plaintiff in his Opposition fail to salvage the claims.  There

2    is no dispute that Mr. Zavala executed a release (the "Release") expressly waiving every cause of

3    action at issue, including all ERISA claims brought here.  By necessity, that means he cannot be a

4    proper plaintiff.  The law is plain that, although others may, Mr. Zavala himself does not have the

5    personal injury necessary to bring a claim.  The remaining issues Plaintiff presents are nothing more

6    than red-herrings seeking to distract from the plain, unescapable fact that this Court lacks

7    jurisdiction over this case given that Mr. Zavala is the only plaintiff.  Defendants' Motion for

8    Judgment on the Pleadings, or Alternatively, Motion for Summary Judgment ("Motion for

9    Judgment") should be granted, and judgment should be entered in favor of Defendants and against

10   Plaintiff on all claims.

11   **I.     PLAINTIFF'S CLAIMS ARE BARRED BY HIS RELEASE.**

12        **A.     Mr. Zavala Does Not Have an Injury to Pursue "on Behalf of" the Plan.**

13        In an attempt to deflect from the clear fact that Mr. Zavala lacks standing to pursue this case,

14   Plaintiff seeks to focus this Court on the fact that Mr. Zavala could not waive the Plan's claims if

15   they were brought by someone else.  In so arguing, Plaintiff does not refute that ERISA claims fall

16   within the scope of the Release he signed.  Rather, relying on the Ninth Circuit decision in *Bowles*

17   *v. Reade*, 198 F.3d 752 (9th Cir. 1999), Plaintiff asserts that because he is bringing claims solely

18   "on behalf of the Plan," his Release does not bar him from bringing the current claims.

19        To be clear, Defendants are not asking the Court to conclude that any claim that might be

20   brought "on behalf of" the Plan is released; rather, Defendants' argument is that *Plaintiff* cannot

21   bring any such claim.  Plaintiff has already resolved any claim he has with Defendants via his

22   Release.  He has no injury to fight about in this lawsuit.  Accordingly, he cannot bring a claim on

23   behalf of the Plan, and judgment should be entered for Defendants.

24        Attempting to dodge Mr. Zavala's individual release of ERISA claims, Plaintiff contends

25   that this Court can retain jurisdiction because Mr. Zavala's claims are "on behalf of" the Plan.

26   Plaintiff is wrong.

27   ///

28

1

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1  Plaintiff, as the individual bringing suit under Section 502(a)(2) (29 U.S.C. § 1132(a)(2)) for

2  the relief set out in Section 409 (29 U.S.C. § 1109), must himself have an injury.[1] "That a suit may

3  be a class action . . . adds nothing to the question of standing, *for even named plaintiffs who represent*

4  *a class 'must allege and show that they personally have been injured*, not that injury has been

5  suffered by other, unidentified members of the class to which they belong.'" *Spokeo, Inc. v. Robins*,

6  136 S. Ct. 1540, 1547 n. 6 (emphasis added) (quoting *Simon v. Eastern Kentucky Welfare Rights*

7  *Organization*, 426 U.S. 26 (1976)) (internal quotations omitted).  Statutory authorization to bring

8  suit is not enough. *Spokeo*, 136 S.Ct. at 1547–48.

9  Plaintiff here does not have any redressable injury because he resolved any and all claims he

10  had by virtue of his Release, which he gave in exchange for severance pay. Mr. Zavala thus has no

11  stake in the outcome of the litigation.  *Shaw v. Jar-Ramona Plaza, LLC*, No. 5:13-cv-01563-

12  CAS(SPx), 2015 WL 1275294, at *6 (C.D. Cal. Mar. 16, 2015) ("A plaintiff who has settled his

13  claims and relinquished any hope of recovery does not 'continue to have a personal stake in the

14  outcome of the lawsuit that is likely to be redressed by a favorable decision.'"); *Smith v. T-Mobile*

15  *USA, Inc.*, 570 F.3d 1119, 1123 (9th Cir. 2009) ("Because the plaintiffs voluntarily settled all of

16  their claims ... they have failed to retain a personal stake in the litigation and their case is moot.").

17  In addition to the fact that Mr. Zavala signed and received consideration for the Release, this

18  Court could also find that Plaintiff lacks any injury here because he was not a participant at the time

19  the alleged harm occurred.[2] Plaintiff cites nothing to support his claim that, "if the ESOP had paid

20  less for the stock [in 2015], Plaintiff would have been allocated more shares [in 2017];" nor does he

---

[1] Defendants do not dispute that Section 502(a)(2) authorizes suit by a participant "for appropriate relief" under ERISA Section 409, including restoration of "any losses to the plan" resulting from a breach of fiduciary duty. 29 U.S.C. § 1132(a)(2); 29 U.S.C. § 1109(a). Defendants also do not dispute that, without the consent of the Plan, Plaintiff's individual release cannot bind the Plan. *Bowles*, 198 F.3d at 760; *Dorman*, 780 Fed. App'x at 514. However, these principles do not end the inquiry as Plaintiff suggests. ECF No. 58 at 7.

[2] Plaintiff asserts that there is "nothing in the pleadings about the date on which Plaintiff became a participant. ECF No. 58 at 10 n.4. However, Defendants' Undisputed Fact 14 cites the Plan (that Plaintiff admits is incorporated by reference into the Amended Complaint), which states than an employee will become a participant the first January 1 or July 1 after he or she has completed a year of service. ECF No. 59 at 4, SOF ¶ 14. Plaintiff alleges that he did not start working for Western Milling until 2015 (RJN Exh. A (Amended Complaint, ECF No. 34) at 3, ¶ 12); thus, the earliest date on which he could have become a participant based on that allegation is 2016. Accordingly, by Plaintiff's own allegations, he was not a participant at the time of the transaction, and Defendants' argument still applies.

1   explain how having more shares would have resulted in a greater aggregate value in his ESOP

2   account had an alleged overpayment not occurred. ECF No. 58 at 10. As Plaintiff's case of *Henry*

3   *v. U.S. Trust Co. of Cal.*, 569 F.3d 96 (2d Cir. 2009) recognizes, it is the value of the shares (at the

4   time of the transaction) that matters, not how many shares there are. *Id.* at 100.

5          Citing *Bowles v. Reade*, Plaintiff asserts that his claims are "not truly individual" and thus

6   his individual injury does not matter. ECF No. 58 at 8. However, this reasoning is refuted by the

7   recent Ninth Circuit decision in *Dorman v. Charles Schwab Corp.*, 780 F. App'x 510 (9th Cir. 2019).

8   Relying on *LaRue v. DeWolff, Boberg & Assocs., Inc.*, 552 U.S. 248 (2008), the Ninth Circuit

9   recognized that "such claims [under Section 502(a)(2)] are inherently individualized when brought

10  in the context of a defined contribution plan like that at issue." *Dorman*, 780 F. App'x at 514; *see*

11  *also* 26 U.S.C. § 4975(e)(7) (specifying that an ESOP is a form of defined contribution plan).

12         Plaintiff's other cases also do not warrant denial of Defendants' motion. As discussed in

13  Defendants' moving brief, the plaintiff in *Bowles* was trying to bar *any* suit on behalf of the Plan

14  based on an individual release. *Bowles*, 198 F.3d at 756–57. And, in *Bowles*, the Court recognized

15  that the replacement trustee "was a necessary party" to "represent the plan participants' interests"

16  in seeking a remedy for the alleged breaches of fiduciary duty. *Id.* at 761. Defendants here are not

17  arguing that any suit on behalf of the Plan is barred, only that *Plaintiff* cannot be the one to bring it.

18         Furthermore, the district court cases Plaintiff cites (ECF No. 58 at 8) each rely on the same

19  interpretation of *Bowles* that Defendants are not proffering. The decisions in *Johnson v. Couturier*,

20  *In re JDS Uniphase Corp. ERISA Litigation*, and *Cryer v. Franklin Templeton Resources, Inc.* each

21  summarily relied on the decision in *Bowles* to conclude that the release did not bar each of the

22  plaintiff's claims because the claims were on behalf of the plans at issue. *Johnson*, No.

23  2:05CV02046 RRBKJM, 2006 WL 2943160, at *2 (E.D. Cal. Oct. 13, 2006); *In re JDS Uniphase*

24  *Corp. ERISA Litig.*, No. 03-04743 WWS, 2006 WL 2597995 (N.D. Cal. Sept. 11, 2006); *Cryer*, No.

25  C 16-4265 CW, 2017 WL 818788, at *3 (N.D. Cal. Jan. 17, 2017). None of those decisions analyzed

26  the distinction that the plaintiff in *Bowles* was trying to bar all claims brought by *any person* on

27  behalf of the plans at issue. Those cases did not analyze the argument being presented here, which

28

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

3

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1   is that Plaintiff, who signed a release of ERISA claims, is not a proper person to bring the present

2   claims "on behalf of" the plan.[3]   None of the cases contain any analysis of the  individual-injury

3   considerations that were later addressed, and found critical, in the Supreme Court's decision in in

4   *Spokeo*, 136 S. Ct. at 1547–1550.  Accordingly, they are inapplicable.  And although Plaintiff's case

5   of *In re Schering Plough Corp. ERISA Litigation*, 589 F.3d 585, 594 (3rd Cir. 2009), cites a list of

6   additional cases in the context of class certification that refused to deny certification on grounds of

7   release, there are numerous decisions in a procedural posture more similar to that here that support

8   Defendants' position.[4]   *See, e.g., Howell v. Motorola, Inc.*, 633 F.3d 552, 561 (7th Cir. 2011)

9   (concluding that plaintiff's release barred action seeking to recover for breach of fiduciary duty);

10   *Leavitt v. Northwestern Bell Telephone Co.*, 921 F.2d 160, 162 (8th Cir. 1990) (same); *Halldorson*

11   *v. Wilmington Trust*, 182 F. Supp. 3d 531, 539–42 (E.D. Va. 2016) (same); *Wagner v. Stiefel Labs.,*

12   *Inc.*, No. 1:12-cv-3234-MHC, 2015 WL 4557686, at *12–*13 (N.D. Ga. June 18, 2015) (same);

13   *Innis v. Bankers Trust Co. of S.D.*, No. 4:16-cv-00650, 2019 WL 2714509, at *12 (S.D. Iowa, Apr.

14   30, 2019) (same).[5]

15   ///

16   ///

17   

18   [3] *Munro v. University of Southern California* is also not persuasive because that case addressed an arbitration clause, which does not implicate the standing issues raised here.  No. CV 16-6191-VAP (CFEx), 2017 WL 1654075 (C.D. Cal. March 23, 2017).

19   [4] Although the court in *In re Schering Plough Corp. ERISA Litigation* concluded that the release in that case

20   did not bar that lawsuit, the court reversed the trial court's grant of class certification, specifically questioning whether the named plaintiff could satisfy the typicality element in light of the release she signed.  589 F.3d at 599–600.

21   [5] Even if the Court were inclined to conclude that Plaintiff's release does not bar him from bringing claims "on behalf of" the Plan under Section 502(a)(2), Plaintiff's release bars him from bringing any claims under

22   ERISA Section 502(a)(3), such as his claims against non-fiduciaries.  *See* ECF No. 31 at 7 (recognizing that Plaintiff's claims against the selling shareholders lie under Section 502(a)(3), 29 U.S.C. § 1132(a)(3)).

23   *Bowles v. Reade*, however, specifically distinguished claims under Section 502(a)(2), which authorizes claims to recover for injuries to the plan, from those under Section 502(a)(3), which authorizes claims to

24   obtain "other appropriate equitable relief." 198 F.3d at 759–60.  The basis for this distinction is explained by the Supreme Court's holding in *Varity Corp. v. Howe*, 516 U.S. 489 (1996), which found that Section

25   502(a)(3) authorized individual relief.  *Bowles*, 198 F.3d at 759–60.  Given that Section 502(a)(3) authorizes individual relief, an individual release can accordingly bar such a remedy, and Plaintiff cannot skirt the legal

26   effect of his release by asserting that his claims under Section 502(a)(3) are only "on behalf of" the plan.  *See* ECF No. 34 at 2 ¶ 1 (plaintiff alleging that his claims are on behalf of both himself and other participants and

27   beneficiaries).  *Cf. Spokeo*, 136 S. Ct. at 1547 n.6 (noting that a plaintiff bringing a matter on behalf of others must still have a claim himself); *Shaw*, 2015 WL 1275294, at *6 (holding that plaintiff who signed release

28   has no claim for the court to redress).

4

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

1

**B.     Plaintiff's Release was Knowing and Voluntary.**

As a secondary argument, Plaintiff contends that his declaration creates a genuine issue of material fact as to whether Plaintiff knowingly and voluntarily released his claims. Plaintiff however cannot use a declaration to contradict the plain language of the Release, which Plaintiff admits he signed. And, even if admissible, the extrinsic evidence Plaintiff submits does not support a finding that the Release is unenforceable.

In an attempt to defeat the entry of judgment, Plaintiff claims that his declaration creates a factual dispute regarding whether he understood the release he was signing and whether it was voluntary. ECF No. 58 at 15. Contrary to this assertion, under California law, which governs the release, a person is presumed to have read and understood what he signed. *Gonda v. The Permanente Med. Group, Inc.*, No. 11-cv-01363, 2015 WL 678969, at *7 (N.D. Cal. Feb. 17, 2015) ("The Court finds that California law governs the Settlement Agreement, including the ERISA waiver."), *aff'd Gonda v. The Permanente Med. Group, Inc.*, 691 F. App'x 397 (9th Cir. 2017). "When an employee signs a contract . . . she is conclusively presumed to know its contents and assent to them. '[T]he law effectively presumes that everyone who signs a contract has read it thoroughly, whether or not that is true.'" *Marchand v. Northrop Grumman Corp.*, No. 16-cv-06825-BLF, 2017 WL 2633132, at *5 (N.D. Cal. June 19, 2017) (quoting, in part, *Roldan v. Callahan & Blaine*, 219 Cal. App. 4th 87, 93 (2013)).

Here, immediately above his signature on the Release, Plaintiff said he "understands and agrees that he executed this Agreement voluntarily"; "he has read this Severance Agreement"; "he has been represented in the preparation, negotiation, and execution of this Severance Agreement by legal counsel of his own choice or has voluntarily elected not to retain legal counsel"; "he understands the terms and consequences of this Severance Agreement and of the releases it contains"; and "he is fully aware of the legal and binding effect of this Severance Agreement." ECF No. 59 at SOF ¶ 28. Plaintiff cannot use his after-the-fact declaration to dispute the plain language of the Release to assert that he does not understand it or was forced to sign it. *Gonda*, 2015 WL 678969, at *9 ("As did the courts in *Upadhyay*, *Parisi*, and *Bennett*, the Court holds that Dr. Gonda

28

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

may not use extrinsic evidence to contradict the terms of the Settlement Agreement. Therefore, the Settlement Agreement must be construed to mean what it says: Dr. Gonda has waived his ERISA claims against the released parties."); *see also Morais v. Cent. Beverage Corp. Union Employees' Supplemental Retirement Plan*, 167 F.3d 709, 713–14 (1st Cir. 1999) ("Rather, when unambiguous language in the challenged waiver document directly refutes an employee's representation regarding the circumstances surrounding the waiver, the contract logically must take precedence, at least in the absence of competent evidence of the employee's incapacity at the time he signed the document."). Based on the language of the Release alone, the Court can conclude that it was knowing and voluntary.

If this Court were to find that consideration of evidence outside the Release itself is appropriate, the undisputed evidence still demonstrates that the Release was knowing and voluntary. Plaintiff's assertions in his declaration that the exit interview was short, that Ms. Landers explained the Release as "standard," and that she did not go through it in detail are not sufficient to create an issue of fact. There is no evidence that the terms of the Release were misrepresented to him. Rather, Plaintiff's declaration establishes that Ms. Landers was candid with Plaintiff—if he wanted severance pay, he would have to sign the Release. Plaintiff's declaration also establishes that the departure from his employment at Western Milling was triggered by Plaintiff's two-week notice of resignation, not by an involuntary termination. ECF No. 58-1 at ¶ 2. This supports the notion that Plaintiff was under no duress to sign the Release. There is also no evidence that Ms. Landers refused Plaintiff the opportunity to spend more time reviewing the Release. Plaintiff claims that, if he had been told he could take the Release home or that he could ask someone to go over the documents on his behalf, he would have done so. But, this after-the-fact, self-serving statement cannot be used to contradict the plain language of the Release. *Morais*, 167 F.3d at 713 ("In the face of such unambiguous language, it would require a substantial departure from basic contract interpretation principles for us to validate Morais' self-serving effort, years later, to generate a factual dispute by asserting that he was isolated from all advisors and pressured into signing the Agreement.") Notably, Plaintiff's declaration does not state that he requested more time and was refused. The

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

1   undisputed evidence is that Ms. Landers did not tell him he had to sign the Release that day, but

2   Plaintiff chose to do so anyway.   ECF No. 59 at ¶ 20 (not offering any evidence to contradict

3   statement that plaintiff was not told he had to sign Release on the day it was presented).

4      Plaintiff claims that he had no bargaining power and thus the Release should be considered

5   unenforceable.   But, the undisputed evidence does not support that conclusion.   Plaintiff's own

6   declaration contradicts the notion that Plaintiff lacked any bargaining power.   Plaintiff agrees that

7   he was able to negotiate the terms of his severance pay and that he had sufficient power to reach

8   back out to the company when his payment was not issued in the matter he requested.   There is also

9   no evidence that Plaintiff asked to negotiate other terms of the Release.   Moreover, the fact that

10   Plaintiff has retained his severance pay overcomes any notion that the Release was signed under

11   duress or coercion.   *Halvorson v. Boy Scouts of Am.*, 215 F.3d 1326, at *3 (6th Cir. 2000) (finding

12   that retention of severance pay overcame any claim that release of ADA, FMLA, and ERISA claims

13   was invalid due to duress or coercion).   Plaintiff cannot use his declaration to assert that his failure

14   to speak up regarding the terms of the Release makes it unenforceable.

15      Furthermore, the fact that Plaintiff does not have a college degree does not act as a bar to

16   enforceability.   In *Morais*, the First Circuit upheld the enforceability of an ERISA release from an

17   individual who only possessed an eighth-grade education.   167 F.3d at 713; *see also Sperduto v.*

18   *Time Warner Cable, Inc.*, No. *EDCV1700110JGBSPX*, 2018 WL 6177239, at *6 (C.D. Cal. Aug.

19   13, 2018) (finding that release of ERISA claims was knowing and voluntary even though the parties

20   submitted no evidence on plaintiff's education and business sophistication and the parties' roles in

21   deciding the provisions of the waiver).

22      Plaintiff's argument that the consideration for the Release was insufficient is also without

23   merit.   Plaintiff cites no authority to support the notion that one-month's salary is insufficient

24   consideration.[6]   And, Plaintiff's claim that his severance pay was only to compensate for "lost

25   wages" is contradicted by the undisputed evidence.   Plaintiff admits that his departure from Western

26   _____

27   [6] Plaintiff claims he needs discovery on whether the severance payment of $2500 equaled about four weeks
of his salary. ECF No. 59 at ¶ 18. However, the amount of money Plaintiff earned is information within

28   his possession. FED. R. CIV. P. 56(d).

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1  Milling was purely voluntary.  ECF No. 58-1 at ¶ 2.  He quit.  There were no "lost" wages to

2  compensate him for.  The severance payment, neutral reference, and agreement not to contest

3  unemployment was something that Plaintiff was not otherwise entitled to.  *Kramer v. Vendome*

4  *Group LLC*, No. 11 Civ. 5245 (RJS), 2012 WL 4841310, at *5 (S.D.N.Y. Oct. 4, 2012) (one month's

5  salary and other benefits the employee was not otherwise entitled to weighed in favor of validity of

6  release).

7       Plaintiff's cases do not warrant a conclusion that the Release is unenforceable.  In *Rombeiro*

8  *v. Unum Insurance Co.*, the court concluded that the terms of the agreement were unclear and that

9  the amount of consideration was unclear.  761 F. Supp. 2d 862, 869 (N.D. Cal. 2010).  Plaintiff here

10  has not asserted that the language of the Release is unclear, and, as discussed above, the amount of

11  consideration is sufficient.   Citing *Groska v. N. States Power Co. Pension Plan*, No. 05-114

12  (JNE/FLN), 2007 WL 2791119, at *3 (D. Minn. Sept. 24, 2007), Plaintiff also asserts that a release

13  will not be enforced if "the fiduciary obtained the release in violation of its duties to the beneficiary."

14  ECF No. 58 at 12. However, Plaintiff's Amended Complaint does not claim that his employer who

15  presented the release, Western Milling, is a "fiduciary" with respect to the Plan.  ECF No. 34

16  Accordingly, *Groska* is inapplicable on this point.  Of note, however, the court in *Groska* ultimately

17  concluded that the release at issue was knowing and voluntary.  *Groska*, 2007 WL 2791119, at *8.

18       For these reasons, the undisputed facts demonstrate that Plaintiff's release was knowing and

19  voluntary.[7]

20       **C.   GreatBanc and The Administration Committee are Released Parties.**

21       Plaintiff argues that GreatBanc and the Administration Committee are not Releasees under

22  the Agreement because the Release does not include the trustee of any stockholder as a released

23  party—just the stockholder itself—and because the ESOP is not an "affiliate" of Western Milling,

24  such that the Committee, as its agent, is not a released party. However, by the Release's plain

25  language, GreatBanc and the Administration Committee are in fact released parties.

26

27  [7] If this Court were to give credence to declaration such that it is inclined to deny Defendants' Motion on that basis, at a minimum, Defendants should be allowed to depose Mr. Zavala on the substance of his declaration

28  for a supplemental submission on those issues before the Court rules substantively on Defendants' Motion.

8

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

**1.    GreatBanc Trust Company**

Plaintiff strains to remove GreatBanc from the scope of the Release by claiming that the Trust, but not the trustee, falls under the Release. As explained in Defendants' Motion, however, the trust and trustee function as one. The ESOP holds all outstanding shares of Kruse Western stock. Plaintiff argues that coverage of the Release stops there, with the stockholder (the Trust). But Plaintiff cites no authority to support his claim.

More importantly, the ESOP may only act through its trustee, which is GreatBanc. *See* 14 Causes of Action 411 (2019 ed.) ("[A] trust can act only through its trustee. . . ."); 29 U.S.C. § 1103(a) ("[T]he trustee or trustees shall have exclusive authority and discretion to manage and control the assets of the plan. . . ."); *Varity Corp. v. Howe*, 516 U.S. 489, 535 (1996) ("[T]he trustee's authority over plan assets is exclusive. . . ."). With GreatBanc directing all of the Trust's actions, GreatBanc essentially functions as the sole stockholder of Kruse Western. And stockholders are released parties.

Moreover, GreatBanc also falls within the scope of the Release as an administrator of a stockholder—the Trust.  Although Plaintiff claims this is not supported by the evidence, the ESOP Trust Agreement confirms it: "All contributions made under the Plan will be held, managed, and controlled by the Trustee acting under this Trust Agreement, which forms part of the Plan. The administration of the Trust Fund [defined as 'all property of every kind held by the Trustee'] shall be coordinated with the administration of the Plan." SOF ¶ 7.  *See Innis*, 2019 WL 2714509, at *8 (holding that trustee of ESOP fell within scope of release that included owners, members, stockholders, and affiliates, and "all persons acting on behalf of, by, through, under or in concert with any of them" because it was acting on behalf of the owners and stockholders).

**2.    The Administration Committee**

The Administration Committee is also a released party because it is an "agent" of the ESOP, which is an "affiliate" of Western Milling. Plaintiff does not contest that the Committee is an agent of the ESOP, merely that the ESOP is an "affiliate" of Western Milling. Plaintiff claims this argument is "on shaky legal ground," and points to *Werb v. ReliaStar Life Ins. Co.*, 847 F. Supp. 2d

9

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone (559) 421-7000

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1  1140, 1152 (D. Minn. 2012), and *Groska v. N. States Power Co. Pension Plan*, No. 05-114

2  (JNE/FLN), 2007 WL 2791119, at *8 (D. Minn. Sept. 24, 2007), to say that the ESOP is not a

3  conventional "affiliate" or a released party.  ECF No. 58 at 19–20.  But the court in *Werb* did not

4  resolve the question of whether the release at issue included the benefit plan. Moreover, the courts

5  in *Werb* and *Rabin v. Parchem Trading Inc. Profit Sharing Plan*, both acknowledged that other

6  courts had ruled that benefit plans are 'affiliates' of the company that establishes and sponsors the

7  plans. *See Werb*, 847 F. Supp. 2d at 1152; *Rabin*, No. 13 CV 9201 (VB), 2015 WL 861746, at *4

8  n.2 (S.D.N.Y. Jan. 30, 2015).  *See, e.g.*, *Liyan He v. Cigna Life Ins. Co. of New York*, No. 14-cv-

9  2180, 2017 WL 4350570, at *2 (S.D.N.Y. July 7, 2017) (distinguishing *Groska*, which ruled

10  "without citation to authority" that employee benefit plans are not "affiliated" with the sponsoring

11  employer, and finding that the plan administrator came within the definition of Releasee where it

12  acted as an agent of the plan).

13       Courts have indeed held that employee benefit plans are "affiliates" of the companies that

14  sponsor them. *See, e.g., Halldorson*, 182 F. Supp. 3d at 545 (ESOP Plan was an affiliate of the

15  employer because it "was formed for the benefit of [the] employees"); *Howell v. Motorola, Inc.*,

16  No. 03 C 5044, 2005 WL 2420410, at *6–*7 (N.D. Ill. Sept. 30, 2005) (the language of the release

17  extended to affiliates of the company, including the Plan); *Liyan He*, 2017 WL 4350570, at *2 n.2

18  (same). As "agent" of the ESOP then, the Administration Committee also falls within the Release.

19  *See, e.g., Perez-Jones v. Liberty Life Assurance Co. of Bos.*, No. LA CV 11-09518, 2013 WL

20  12126747, at *10 (C.D. Cal. Apr. 30, 2013) ("Liberty also fits within the term 'agents,' as the entity

21  responsible for providing benefits under the Plan."); *Piehl v. Metro. Life Ins. Co.*, No. Civ. 03-669-

22  MO, 2005 WL 627586, at *3 (D. Or. Mar. 16, 2005) (interpreting release to include administrator

23  of plan); *Liyan He*, 2017 WL 4350570, at *2 (holding that plan administrator qualified as an "agent"

24  of the company or the employee benefit plan). *Cf. Bennett v. CNA Ins. Cos.*, No. C-99-03127-EDL,

25  2001 WL 30533, at *4 (N.D. Cal. Jan. 5, 2001) (releasing claims against third party issuer of benefit

26  as an agent of the company). Accordingly, GreatBanc and the Administration Committee both fall

27  within the scope of the Release.

28

10

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

## II.   PLAINTIFF'S PROCEDURAL CONCERNS ARE INSUFFICIENT GROUNDS TO DENY THE MOTION.

Plaintiff spends a considerable portion of his Response raising immaterial procedural challenges to Defendants' Motion for Judgment. To the extent they have any significance, the issues would be readily resolved by the passage of time or by the conversion of the Motion to the alternatively requested motion for summary judgment. Regardless of the mechanism used, Defendants' Motion should be granted with judgment entered in Defendants' favor on all counts.

### A.   The Motion for Judgment on the Pleadings is Procedurally Proper.

Plaintiff contends that this Court must wait to rule on Defendants' Motion until each Defendant separately answers the Complaint and, until that happens, deny the Motion as premature. Plaintiff is wrong.

The Court is not obligated to wait for each Defendant to file an answer before it may grant Defendants' motion for judgment on the pleadings. In direct contrast to Plaintiff's argument, one of this Court's peer districts has noted in a similar case that it made "no sense to require Target to wait for co-defendant Bumbo—Pty's answer before allowing Target to file a Rule 12(c) motion[.]" *Whitson v. Bumbo*, No. C 07-05597 MHP, 2009 WL 1515597, at *4 (N.D. Cal. Apr. 16, 2009).

Although Plaintiff has cited several cases in which courts found such motions as premature and thus denied without prejudice to be refiled later, such decisions are either inapposite or were recognized to be at the court's discretion. For example, in *Watson v. County of Santa Clara,* while denying a motion for judgment on the pleadings because not all defendants had yet answered, the court expressly recognized that other courts "have found that they have discretion to allow motions for judgment on the pleadings in specific situations, even where not all defendants have filed an answer." No. C-06-04029 RMW, 2007 WL 2043852, at *1 (N.D. Cal. July 12, 2007). The facts in *Doe v. United States* are also inapposite to the facts in this case. *See* 419 F.3d 1058, 1061 (9th Cir. 2005). In *Doe*, the lone defendant filed a motion to dismiss, and the *plaintiff* filed a cross-motion for judgment on the pleadings seeking judgment in her favor. *Id.* It was the plaintiff in *Doe* seeking to obtain premature judgment before the defendant had an opportunity to be heard on its motion to

11

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

1    dismiss, unlike in this case, where the Defendants have simply moved on alternative grounds and

2    may obtain relief from both motions, on separate grounds.

3           Here, GreatBanc, Kevin Kruse, and the Kruse-Western Inc. Board of Directors have each

4    filed an answer. ECF Nos. 43, 44, 45. The Administration Committee has not. As explained in the

5    Motion, the Administration Committee was included as a movant for purposes of judicial efficiency.

6    ECF No. 54-1 at 8 n.3. All served Defendants were released parties and thus moved for judgment

7    on the pleadings on the theory that Plaintiff released them from liability. ECF No. 54-1. The Court

8    certainly could decide to rule on the Motion with respect to GreatBanc, Kevin Kruse, and the Kruse-

9    Western Inc. Board of Directors, saving the Administration Committee in abeyance for a successive

10   motion if it prefers but doing so would add to this Court's already strained capacity in direct

11   contravention of this Court's standing order. *See* ECF No. 57.[8]

12   **B.     The Court can Consider the Material That was Submitted in Ruling on the**
              **Motion for Judgment on the Pleadings.**
13

14          It is well established that "[a] court may consider evidence on which the complaint

15   "necessarily relies" if:  (1) the complaint refers to the document; (2) the document is central to the

16   plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6)

17   motion." *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir. 2006). Even in circumstances where a

18   document is not referenced in a complaint, "there are those rare instances when assessing the

19   sufficiency of a claim requires that the document at issue be reviewed, even at the pleading stage."

20   *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1002 (9th Cir. 2018) (citing cases in which the

21   Ninth Circuit has ruled it proper to consider material not referenced in the complaint on a motion to

22   dismiss).

23          The release and Trust Agreement are two such documents. The Plan document, Section 1.3,

24   specifies: "The Trust implements and forms part of the Plan. The provisions of and benefits under

25

26   _____
     [8] And, even if the Court were inclined to wait on additional pleadings from the Administration Committee if
     it is not dismissed outright, there is no need to deny the Motion. The Court may simply reserve ruling on the
27   Motion until the pending motion to dismiss has been resolved and the Administration Committee has
     answered. Or, the Court may alternatively convert the motion to a motion for summary judgment as was
28   requested by Defendants. ECF No. 54-1.

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

12
**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**
012749.00008 - 256811.1

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

1   the Plan are subject to the terms and provisions of the Trust.  In the event of a conflict between the

2   Plan and the trust agreement, the terms of the trust agreement shall control." ECF No. 54-2 at SOF

3   ¶ 3.  Plaintiff does not contest that the Plan itself may be considered on a motion for judgment on

4   the pleadings.  ECF No. 58 at 14 n.8.  Thus, the Trust Agreement, which "implements and forms

5   part of the Plan" and governs in the "event of a conflict," must be considered, as well. *See Khoja*,

6   899 F.3d at 1002 (recognizing that the very purpose of the incorporation-by-reference doctrine is to

7   "prevent[] plaintiffs from selecting only portions of documents that support their claims, while

8   omitting portions of those very documents that weaken—or doom—their claims").   For these

9   reasons, the release must also be considered for the Court to understand the full contractual

10  relationship of the parties.  To rule otherwise would be to piecemeal consider portions of the

11  pertinent documents. *See id.*

12          That being said, even if the Court chooses not to consider the documents, the solution is not

13  to deny Defendants' Motion.   The Court may instead convert the Motion to one for summary

14  judgment as requested by Defendants.  If the Motion is treated as one for summary judgment, there

15  is no question the Court may consider the documents, rendering Plaintiff's argument moot.

16      **C.      The Court can Treat the Motion as one for Summary Judgment and Enter
            Judgment in Defendants' Favor.**

17

18          Plaintiff does not dispute that considering the present motion as one for summary judgment

19  is procedurally proper; plaintiff just claims that a dispute of fact prevents summary judgment at this

20  stage.  Thus, the procedural deficiencies Plaintiff claims with respect to a motion for judgment on

21  the pleadings can be overcome by the court treating this motion as one for summary judgment.

22          "The purpose of summary judgment 'is to isolate and dispose of factually unsupported

23  claims and defenses.'" *Barnes v. Cty. of Placer*, 654 F. Supp. 2d 1066, 1070 (E.D. Cal. 2009), *aff'd*,

24  386 F. App'x 633 (9th Cir. 2010) (citing *Celotex v. Catrett*, 477 U.S. 317, 323–324, 106 S.Ct. 2548,

25  91 L.Ed.2d 265 (1986)).  "The mere existence of a scintilla of evidence in support of the non-moving

26  party's position is insufficient:  There must be evidence on which the jury could reasonably find for

27  [the non-moving party]." *Id.* (internal quotations omitted).

28

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1

Plaintiff's only objection to the grant of summary judgment is that his declaration creates a genuine issue of material fact. However, as discussed above, Plaintiff's declaration does not prevent judgment at this juncture. The clear, unambiguous language of the release establishes as a matter of law that the release was knowing and voluntary, barring Plaintiff's claims. And, the extrinsic evidence that Plaintiff submits does not warrant a different conclusion.

Plaintiff has failed to establish that a genuine issue of material fact exists, and judgment should be entered in favor of all Defendants and against the Plaintiff on all counts.

Dated: February 18, 2020                   **SAGASER, WATKINS & WIELAND PC**

By: /s/Ian B. Wieland
    Howard A. Sagaser
    Ian B. Wieland
    Christopher M. Rusca
    Attorneys for Defendants GreatBanc Trust
    Company, Kevin Kruse, Kruse Western,
    Inc., The Kruse Western Inc. Board of
    Directors, and The Administration
    Committee

SAGASER, WATKINS & WIELAND PC
ATTORNEYS AT LAW
5260 North Palm Avenue, Suite 400
Fresno, California 93704
Telephone: (559) 421-7000

14

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR JUDGMENT ON THE
PLEADINGS, OR ALTERNATIVELY, SUMMARY JUDGMENT**

012749.00008 - 256811.1