Dan Feinberg (SBN 135983)
Nina Wasow (SBN 242047)
FEINBERG, JACKSON,
WORTHMAN & WASOW LLP
2030 Addison Street, Suite 500
Berkeley, CA 94704
Tel. (510) 269-7998
Fax (510) 269-7994
dan@feinbergjackson.com
nina@feinbergjackson.com

Michelle C. Yau
Mary J. Bortscheller
COHEN MILSTEIN SELLERS & TOLL
1100 New York Ave. NW, Suite 500
Washington, DC 20005
Tel. (202) 408-4600
Fax (202) 408-4699
myau@cohenmilstein.com
mbortscheller@cohenmilstein.com

*Counsel for Plaintiff and the Proposed Class*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GreatBanc Trust Company, Kevin Kruse, The Kruse Western, Inc. Board of Directors, the Administration Committee, and John and Jane Does 1-30,<br><br>Defendants. | Case No. 1:19-cv-00239-DAD-SKO<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>(Doc. 85) |

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Plaintiff Armando Zavala ("Plaintiff") and Defendants GreatBanc Trust Company, Kevin Kruse, the Kruse Western, Inc. Board of Directors, and the Administration Committee ("Defendants"), through counsel undersigned, jointly submit this Stipulated Protective Order to govern the handling of information and materials produced in the course of discovery or filed with the Court in advance of trial in this action.

GOOD CAUSE STATEMENT PURSUANT TO F.R.C.P. 26(c)

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under applicable legal principles. The parties recognize that, generally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows "good cause" why a protective order is necessary. *See* F.R.C.P 26(c)(1).

The Parties further agree that they will not designate information or documents as "Confidential" for tactical reasons in this case.

**Statement Under L.R. 141.1(c)(1):** Examples of confidential information that the parties may seek to protect from unrestricted or unprotected disclosure include:

a) Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

b) Commercially sensitive or proprietary non-public information or confidential research, development or commercial information (such as information related to budgets, forecasts, sales, profits, costs, margins, product pricing, other internal financial/accounting information, including non-public information related to financial condition or performance and

1  income or other non-public tax information, contracts with third parties, or business or product
2  plans);

3     c)  Personnel information, including compensation information, or other information
4  that would constitute an unwarranted invasion of personal privacy of the individuals involved or
5  that contains personally identifiable information; and

6     d)  Trade secrets (as defined by the jurisdiction in which the information is located).

7    **Statement Under L.R. 141.1(c)(2):** Generally speaking, information and documents shall
8  only be designated under this protective order because the Designating Party has a good faith basis
9  to believe the information is protectable under the "good cause" standard of Rule 26(c).
10 Specifically, first, information that is the subject of a non-disclosure or confidentiality agreement
11 as described in (a) above meets the "good cause" standard because disclosing it publicly or without
12 the protections outlined herein could subject the disclosing party to sanctions or liability to other
13 parties to the non-disclosure or confidentiality agreement. Second, highly sensitive business
14 information as described in (b) above meets the "good cause" standard because unrestricted or
15 unprotected disclosure could harm the competitive posture or business interest of the Designating
16 Party. Third, sensitive personal information as described in (c) above meets the "good cause"
17 standard because by definition such information invades the personal privacy of the affected
18 individuals. And fourth, trade secrets are protectable because revealing it would likely result in
19 economic losses to the Designating Party due to lost economic advantage. Accordingly, the parties
20 respectfully submit that there is good cause for the entry of this Protective Order.

21   **Statement Under L.R. 141.1(c)(3):** The parties submit that a stipulated Protective Order
22 is the most efficient method for the parties and the Court to address legitimate confidentiality
23 concerns. The parties have met and conferred on this issue and agree that any private agreement
24 between the parties to safeguard this information will only need to be replicated through orders of
25 this Court at the time of filing dispositive or non-dispositive motions.

26             **PROTECTIVE ORDER**
27 1.  DEFINITIONS.
28    (a)  The term "Challenging Party" shall mean a Party or Non-Party that challenges the

designation of information or items under this Order.

    (b)    The term "Confidential Information" shall mean information (regardless of how it is generated, stored, or maintained) or tangible things that the Designating Party in good faith reasonably believes constitutes:

        i.    Information that is the subject of a non-disclosure or confidentiality agreement or obligation;

        ii.    Commercially sensitive or proprietary non-public information or confidential research, development or commercial information (such as information related to budgets, forecasts, sales, profits, costs, margins, product pricing, other internal financial/accounting information, including non-public information related to financial condition or performance and income or other non-public tax information, contracts with third parties, or business or product plans);

        iii.    Personnel information, including compensation information, or other information that would constitute an unwarranted invasion of personal privacy of the individuals involved or that contains personally identifiable information; and

        iv.    Trade secrets (as defined by the jurisdiction in which the information is located).

"Confidential Information" shall not include information that either: (a) is in the public domain at the time of disclosure; (b) lawfully becomes part of the public domain through no fault of the recipient, or (c) was lawfully in the possession of the Receiving Party at the time of disclosure.

    (c)    The term "Counsel" shall mean the attorneys for any party in this action, and other attorneys and staff working under their direction in their respective organizations.

    (d)    The term "Designating Party" shall mean a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

    (e)    The term "Documents" shall have the same meaning as the terms "documents and electronically stored information" as used in Rule 34 of the Federal Rules of Civil Procedure.

(f) The term "Expert" shall mean a person who has scientific, technical, or other specialized knowledge and that has been retained by the Parties or Counsel to assist in this matter.

(g) The term "Non-Party" shall mean any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

(h) The term "Party" or "Parties" shall mean any and all parties to this action and Kruse Western, Inc. and Western Milling, LLC, including all of their officers, directors, subsidiaries, affiliates, employees, members, agents, consultants, and other Persons acting or purporting to act on behalf of the Parties but only to the extent Counsel determines in good faith that their assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed. It shall not include putative class members not individually named as plaintiffs.

(i) The term "Producing Party" shall mean a Party or Non-Party that produces Documents, information or other discovery material in this action.

(j) The term "Professional Vendors" shall mean persons or entities that provide litigation or trial support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

(k) The term "Protected Material" shall mean any information or other discovery material that is designated as "Confidential."

(l) The term "Receiving Party" shall mean a Party that receives Documents, information or other discovery material from a Producing Party.

2. USE OF CONFIDENTIAL INFORMATION.

Confidential Information subject to this Protective Order shall be used by the Party or Parties to whom it is produced solely and exclusively for purposes of the above-captioned litigation unless and until such designation is removed either by agreement of the Parties or by order of the Court.

3. DESIGNATING PROTECTED MATERIAL.

(a) Exercise of Restraint and Care in Designating Material as "Confidential." In designating any material "Confidential," the Designating Party shall make a designation only with

respect to material which the Designating Party reasonably and in good faith believes meets the "good cause" standard set forth in Rule 26(c) and which it would not normally reveal to third parties or would cause third parties to maintain in confidence. Mass, indiscriminate, or routinized designations are prohibited. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation and reproduce such Documents and/or information with the "Confidential" designation removed.

(b) Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, discovery material and information that qualify for protection under this Order must be clearly so designated by stamping the documents "Confidential" before the material is disclosed or produced. The Designating Party must use reasonable efforts to ensure that for any Document designated "Confidential" the designation appears on each page of each file produced, as permitted by the particular format of a given Document, except on native files produced.

(c) Materials Subject to Designation. Each party to this litigation may designate any Document, thing, interrogatory answer, admission, deposition testimony, and portions of such materials, or other information that it has provided or which a third-party has provided as "Confidential" in accordance with this Protective Order. A designation of "Confidential" shall constitute a representation by the Designating Party that the material so designated constitutes Confidential Information.

(d) Designating Originals or Tangible Items. In the event the Producing Party elects to produce original Documents and things for inspection rather than produce copies of Documents, the Producing Party shall identify those original Documents or tangible items which the Producing Party is designating as "Confidential" at the initial inspection. Thereafter, upon selection of specified Documents for copying by the inspecting party, the Producing Party shall mark the copies of such Documents as may contain protected subject matter with the appropriate confidentiality marking at the time the copies are produced to the inspecting party. Said marking shall not delay the production of the copies.

(e) Inadvertent Failures to Designate. An inadvertent failure to designate a document as Confidential does not, standing alone, waive the right to so designate the document, and a Party may designate a document as Confidential after its initial production if the Producing Party timely determines that it should have been so designated. If a Party designates a document as Confidential after it was initially produced, the Receiving Party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information.

(f) The failure to designate certain documents as "Confidential" does not waive and shall not prejudice a Party's right to so designate similar material—that is, there shall be no "subject matter waiver" with respect to failing to designate material as Confidential.

4. CHALLENGING CONFIDENTIALITY DESIGNATIONS.

(a) Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality so long as the challenging party timely raises the issue with the designating party.

(b) Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. The parties shall attempt to resolve each challenge in good faith. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

(c) Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file and serve a motion to challenge the confidentiality designation within a reasonable time after the parties agree that the meet and confer process will

not resolve their dispute. Any motion seeking relief from the Court must comply with the Local Rules and standing orders of the Court. Failure by the Challenging Party to make such a motion shall automatically waive the challenge to the confidentiality designation for each challenged designation.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

5.  ACCESS TO "CONFIDENTIAL" MATERIALS.

All information designated as "Confidential" shall not be disclosed to anyone other than:

(a) Parties;

(b) Counsel;

(c) Potential or actual witnesses or interviewees to whom disclosure is reasonably necessary but only after such persons have signed the certification contained in Exhibit A (Acknowledgement of Understanding and Agreement to be Bound);

(d) The Court and its personnel;

(e) Court reporters and/or videographers;

(f) Experts, consultants, or investigators, and any personnel who support these persons and who are necessary for completion of their work, but only after the persons identified in this paragraph have signed the certification contained in Exhibit A (Acknowledgement of Understanding and Agreement to be Bound);

(g) Professional Vendors retained by any Party or its Counsel;

(h) Deponents at depositions to whom disclosure is reasonably necessary who sign the certification contained in Exhibit A (Acknowledgement of Understanding and Agreement to be Bound) and who do not fall into of the other enumerated categories of persons entitled to receive Confidential Information under this Order, but any such deponent shall not retain a copy of documents designated as Confidential except to the extent such document was marked as an exhibit and the

deponent needs to review it in connection with a review of the deposition transcript;

(i) the author or recipient of the document (not including a person who received the document in the course of litigation) or a custodian or other person who otherwise possessed or knew the information;

(j) other persons designated by mutual agreement of the Parties who have signed the certification contained in Exhibit A (Acknowledgement of Understanding and Agreement to be Bound)

6. STORAGE OF PROTECTED INFORMATION BY RECEIVING PARTY.

The recipient of any "Confidential" materials provided under this Protective Order (including copies or excerpts made thereof) shall maintain such information in a secure and safe area, and shall exercise reasonable and proper care with respect to the storage, custody, use, and/or dissemination of such information.

7. TREATMENT OF PROTECTED MATERIAL AT DEPOSITIONS IN THIS LITIGATION.

(a) Procedure for Designating Transcript Sections as Protected Material. Whenever a deposition taken by any party involves a disclosure of Confidential Information, said deposition or portions thereof shall be designated as containing "Confidential" subject to the provisions of this Protective Order at the time the deposition is taken whenever possible. However, any Party shall have until thirty (30) days after receipt of the final deposition transcript within which to designate, in writing, those portions of the transcript it wishes to remain designated as "Confidential" and this right to designate any portion of a deposition transcript "Confidential" shall be waived unless made within thirty (30) days of receipt of the final deposition transcript. During such thirty (30) day period, the entirety of the transcript shall be deemed designated "Confidential.".

8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.

If a Party is served with a subpoena or a court order issued in another litigation that compels disclosure of any information or items designated in this action as "Confidential," that Party must:

    (a)    Promptly notify the Designating Party in writing. Such notification shall include a copy of the subpoena or court order;

    (b)    Promptly notify, in writing, the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

    (c)    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" unless ordered by a court or unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its material designated "Confidential." Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. PROTECTED MATERIAL OF A NON-PARTY SOUGHT TO BE PRODUCED IN THIS LITIGATION.

The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "Confidential." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Any Party issuing a subpoena to a Non-Party shall notify the Non-Party of the existence of this proposed or entered Order and shall notify the Non-Party that it may designate material responsive to the subpoena in accordance with this Order. Additionally, a Party may designate information produced by a third party as "Confidential," where the third party is in possession of a Party's

Confidential Information and a Party determines that the third party has not appropriately designated the information produced.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (1) notify in writing the Designating Party of the unauthorized disclosures, (2) use its best efforts to retrieve all unauthorized copies of the Protected Material, (3) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (4) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.

When a Producing Party gives notice to a Receiving Party that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B) and as further set forth below.

If a Party inadvertently produces information subject to a claim of attorney-client, work product, or other applicable privilege ("Privileged Information"), that disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege that would otherwise be available. If the Producing Party makes a claim of inadvertent disclosure, the Receiving Party shall, within seven days, return or destroy all copies of the Privileged Information, take reasonable steps to retrieve the Privileged Information if disclosed to any third party, and provide a certification of counsel that the Privileged Information has been returned or destroyed. The Privileged Information shall thereafter be identified, as appropriate, on the Producing Party's privilege log, and the Receiving Party shall remain free to challenge the claim that the Privileged Information is privileged.

If a Receiving Party believes that it has received Privileged Information, the Receiving Party shall notify the Producing Party in writing promptly after such discovery. Within seven days

of receiving such notice, the Producing Party shall inform the Receiving Party in writing of an intent to claim privilege and provide a log of the Privileged Information. While it awaits a response from the Producing Party, the Receiving Party shall refrain from reading or otherwise using the Privileged Information. After being informed that the Producing Party intends to claim privilege over the Privileged Information, the Receiving Party shall take the steps set forth in the preceding paragraph.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents or ESI for relevance, responsiveness, privilege, or other protected information before production.

The provisions of this section constitute an order pursuant to Federal Rules of Evidence 502(d) and (e).

12. **FINAL DISPOSITION.**

(a) Upon Termination of this Action. Within ninety (90) days after a final disposition of the action, which shall include entry of final judgment and the exhaustion of all rights of appeal, or a dismissal of the action, a Receiving Party shall either return to the Producing Party or destroy all Documents and things or transcripts of depositions, together with all copies thereof, which have been designated "Confidential." Notwithstanding this provision, Counsel are entitled to retain a copies of all pleadings, motion papers, transcripts from depositions, hearings and trial, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. There shall be no obligation for Parties' counsel to search their emails for Protected Material and destroy any such emails/attachments containing Protected Material. Any such copies that contain or constitute Protected Material remain subject to this Protective Order. Furthermore, the Parties and their Counsel may retain Confidential Information if required to comply with applicable laws, rules, or regulations or internal compliance requirements, and any Confidential Information that the Receiving Party believes cannot reasonably be destroyed (such as electronic back-up or archive records).

(b)     Continuing Obligations. The termination of proceedings in this action shall not thereafter relieve a person to whom "Confidential" was disclosed from the obligation of maintaining the confidentiality of such information in accordance with the provisions of this Protective Order.

13.    LIMITATIONS.

(a)     Attorneys' Right to Counsel Clients. Nothing in this Protective Order shall bar or otherwise restrict any attorney herein from rendering legal advice to the attorney's Party-client with respect to this action, and in the course thereof, relying upon an examination of "Confidential" Documents or information; provided, that in rendering such legal advice and in otherwise communicating with the Party-client, the attorney shall not disclose any "Confidential" Documents or information to anyone not authorized to receive such Documents, things, materials, or information pursuant to the terms of this Protective Order.

(b)     Filing Protected Materials. This Order does not, by itself, authorize the filing of any document under seal. Any Documents produced in discovery, answers to interrogatories, deposition transcripts, or other Documents that are filed with the Court for any purpose and that incorporate information that is designated "Confidential" shall be filed with a request to seal in compliance with Local Rule 141.1, and any applicable Orders or procedures of this Court, including this Protective Order. The following procedure shall apply where a Party intends to file Confidential Information it did not so designate:

(i)  A Party that intends to file Confidential Information it did not so designate shall notify the Designating Party in writing of the Confidential Information it intends to file four (4) business days prior to filing.

(ii)  If there are any documents that the Designating Party wants filed under seal, the Designating Party shall file a request to seal within three (3) business days after receiving notice set forth above stating that the documents have been designated Confidential Information by the Designating Party. Any further justification for filing under seal may be offered by the Designating Party.

(iii) The Party intending to file the Confidential Information shall not publicly file the Confidential Information until the Court has ruled on the request to seal and made a ruling that the Confidential Information may not be filed under seal.

(c) Reservation of Rights. Nothing in this Protective Order, nor the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver or admission of any claim or defense of this action.  Moreover, the failure to designate information in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof.  The entry of this Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of Documents or things, and, except as expressly provided, shall not relieve any party of the obligation of producing information in the course of discovery.  This Order shall be without prejudice to the right of a Producing Party to seek additional protection for any Confidential Information.  This Order shall not in any way limit what the Producing Party may do with its own Documents or information.

(d) The Parties will meet and confer in an attempt to agree upon a mechanism for handling Confidential Information at any court hearing or trial.  However, the final determination as to how Confidential Information shall be handled will be made by the Court.

14. MISCELLANEOUS.

(a) Right to Seek Modification. The parties may, by written stipulation, provide for exceptions to this Protective Order, and any Party may seek an order of this Court modifying or interpreting this Protective Order.  No stipulation amending this Protective Order will have the force or effect of a Court order absent the Court's written approval of it.

(b) Right to Further Relief. Nothing in the foregoing provisions of this Protective Order shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or relief from this Protective Order regarding matter designated as containing "Confidential."

(c) Right to Assert Other Objections. By stipulating to entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

**ORDER**

IT IS SO ORDERED.

Dated: **April 4, 2022**         /s/ *Sheila K. Oberto*
                                 UNITED STATES MAGISTRATE JUDGE

**STIPULATION**

IT IS HEREBY STIPULATED by and among the parties, through their undersigned counsel, that the foregoing Stipulated Protective Order may be entered in this action subject to the consent of the Court.

DATED: April 1, 2022      FEINBERG, JACKSON, WORTHMAN & WASOW, LLP

By: /s/ *Nina Wasow*
    Nina Wasow
    Attorneys for Plaintiff

DATED: April 1, 2022      HOLLAND & KNIGHT LLP

By: *s/ Chelsea Ashbrook McCarthy*
    Chelsea McCarthy
    Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>GreatBanc Trust Company, Kevin Kruse, The Kruse Western, Inc. Board of Directors, the Administration Committee, and John and Jane Does 1-30,<br><br>　　　　　　Defendants. | Case No. 1:19-cv-00239-DAD-SKO<br><br>**EXHIBIT A: AGREEMENT TO BE BOUND TO DISCOVERY PROTECTIVE ORDER** |

　　　The undersigned hereby acknowledges that he/she has read the Discovery Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Eastern District of California in matters relating to the discovery Protective Order and understands that the terms of the Discovery Protective Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern.

　　　The undersigned acknowledges that violation of the Discovery Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

Date: _____      _____
　　　　　　　　　　　　　　　　　　　　　Signature