UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY, et al.<br><br>Defendants. | No. 1:19-cv-00239-DAD-SKO<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION WITHOUT PREJUDICE AND MODIFYING SCHEDULING ORDER**<br><br>**(Doc. 120)** |

Pending before the undersigned is Plaintiff's motion for class certification, filed August 11, 2022. (Doc. 120.) The Court observes that also pending is Plaintiff's prior-filed motion for leave to file a Second Amended Complaint, which is before the assigned District Judge. (*See* Docs. 95 & 99.)

Because Plaintiff's motion for class certification relies on "the allegations in the proposed Second Amended Complaint" (Doc. 120 at 2), for which leave to file has not been granted, the Court ORDERS that, in the interest of litigation economy and judicial efficiency, Plaintiff's motion for class certification (Doc. 120) is DENIED WITHOUT PREJUDICE, subject to being renewed after resolution of the motion for leave to file a Second Amended Complaint. *See, e.g., Yastrab v. Apple Inc.*, No. 5:14-CV-01974-EJD, 2015 WL 1307163, at *8 (N.D. Cal. Mar. 23, 2015) ("[T]he court does not believe it necessary to engage in a lengthy Rule 23 analysis now because it is unclear

whether and in what form this case will ultimately proceed," given that "the pleadings have not been settled."). The hearing on the motion for class certification, currently set for October 26, 2022, is hereby VACATED.[1]

To afford the assigned District Judge time to resolve the motion for leave and for Plaintiff to renew his motion for class certification, the Scheduling Order (Doc. 83) is hereby MODIFIED as follows: The motion for class certification shall be filed by **no later than thirty (30) days** after the resolution of Plaintiff's motion for leave to file a Second Amended Complaint (Docs. 95 & 99). The opposition, reply, and hearing deadlines shall be calculated according to Local Rule 230.[2] A status conference to set further scheduling dates will be set at the time the motion for class certification is resolved.

IT IS SO ORDERED.

Dated:   **August 17, 2022**                    /s/ *Sheila K. Oberto*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] Defendants' requests to seal documents filed in conjunction with the motion for class certification (Docs. 117 & 118) are similarly DENIED WITHOUT PREJUDICE.

[2] Nothing herein is intended to prevent the parties' ability to stipulate to an enlargement of the deadlines provided in Local Rule 230.