UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO ZAVALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>GREATBANC TRUST COMPANY, et al.<br><br>Defendants. | No. 1:19-cv-00239-DAD-SKO<br><br>**FINDINGS AND RECOMMENDATIONS THAT DEFENDANTS' REQUESTS TO SEAL AND PLAINITFF'S MOTION TO AMEND THE COMPLAINT BE GRANTED**<br><br>**(Docs. 95, 99, 110, 111)** |

## I. INTRODUCTION

Before the Court is Plaintiff Armando Zavala's motion to amend the complaint, filed June 29, 2022 (Doc. 95) and amended on June 30, 2022 (Doc. 99). Defendant GreatBanc Trust Company ("GreatBanc") does not oppose Plaintiff's request to amend the complaint. (*See* Doc. 95 at 2.) Defendants Kevin Kruse, the Kruse-Western, Inc. Board of Directors, and the Administration Committee ("the Company Defendants") filed an opposition brief on July 20, 2022. (Doc. 116.) Plaintiff filed a reply brief on August 8, 2022. (Doc. 119.) On July 14, 2022, the Company Defendants and GreatBanc filed requests to seal relating to the motion to amend. (Docs. 110, 111.) On September 12, 2022, Defendants' requests to seal and Plaintiff's motion to amend were referred to the undersigned for preparation of findings and recommendations. (Doc.

130.)[1]  For the reasons set forth below, the undersigned RECOMMENDS that Defendants' motions to seal and Plaintiff's motion to amend the complaint be GRANTED.

## II.   BACKGROUND

On February 19, 2019, Plaintiff filed this putative class action against Defendants and Does 1 through 30, inclusive, alleging several claims under the Employment Retirement Income Security Act ("ERISA") related to Defendants' management and administration of the Western Milling Employee Stock Ownership Plan (the "ESOP").  (Doc. 1.)[2]  Plaintiff filed his original motion to amend the complaint on June 29, 2022.  (Doc. 95.)  Pursuant to this Court's order (Doc. 96), Plaintiff filed an amended motion to amend on June 30, 2022.  (Doc. 99.)  As a part of the proposed Second Amended Complaint ("SAC"), Plaintiff seeks the addition of two causes of action, several defendants, and two plaintiffs as class representatives.  In the Memorandum of Points and Authorities in support of his motion to amend ("the Memorandum"), Plaintiff explains that the identities of these proposed new parties and the facts underlying the proposed two new claims were uncovered pursuant to recent discovery.  (*See* Memorandum at 8–9.)

GreatBanc does not oppose Plaintiff's request to amend the complaint.  (Doc. 95 at 2.)  The Company Defendants oppose Plaintiff's motion to amend, contending that the proposed SAC would be futile because it is untimely[3] and would not survive motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule 12(b)(6)).[4]  (Doc. 116 at 10–17.)  They

---

[1] The referral to the undersigned consisted of Plaintiff's motion to amend (Doc. 95) and two subsequent requests to seal filed by Defendants on August 4, 2022 (Docs. 117, 118).  However, the undersigned terminated these requests to seal on December 5, 2022, because they were mooted by this Court's denial, without prejudice, of Plaintiff's motion for class certification.  (Doc. 127.)  The undersigned will address the two remaining requests to seal filed by Defendants on July 14, 2022, as they relate to Plaintiff's motion to amend.  (Docs. 110, 111.)

[2] Following dismissal of his first cause of action with leave to amend (Doc. 31 at 17–18), Plaintiff filed his First Amended Complaint ("FAC") on August 16, 2019.  (Doc. 34.)  On December 13, 2021, this Court dismissed Plaintiff's second cause of action with leave to amend.  (Doc. 69 at 20.)

[3] It appears the Company Defendants argue that Plaintiff's motion to amend is "untimely" in that it is time-barred by ERISA's statute of limitations.  (*See* Doc. 116 at 6, 10–12.)  Indeed, they do not seem to contest that Plaintiff's request to amend was timely filed by the date agreed upon by the parties and reflected in the operative Scheduling Order.  (*See* Doc. 82 at 3; Doc. 83 at 1.)

[4] The Company Defendants also oppose Plaintiff's motion to amend on grounds that "Plaintiff has no idea who these new defendants are or what, if any, role they had relating to the transaction at issue."  (Doc. 116 at 8.)  In support of this contention, the Company Defendants attach the transcript of a deposition taken of Plaintiff as an exhibit to their opposition.  (Doc. 116 at 23–36.)  However, for the purposes of deciding the motion to amend, the Court takes as true the allegations made in the proposed SAC and does not consider matters outside of that pleading.  *See SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1088 (S.D. Cal. 2002).

1 further argue that Plaintiff fails to show requisite good cause or lack of prejudice, given that he failed to seek modification of the Scheduling Order and the Company Defendants would be unduly prejudiced were this Court to grant leave to amend. (*Id*. at 17–21.) On July 14, 2022, the Company Defendants and GreatBanc filed requests to seal the documents produced during discovery and newly cited in Plaintiff's proposed SAC. (Docs. 110, 111.)

### III.   DISCUSSION

#### A.   Defendants' Requests to Seal

Having considered the materials at issue and Plaintiff's lack of opposition to Defendants' requests to seal (Docs. 110, 111), the Court finds that Defendants have sufficiently demonstrated "good cause" for filing the 15 identified documents ("the Documents") under seal. *See Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678 (9th Cir. 2010) (the "good cause" standard applies to "'private materials unearthed during discovery'").  These materials contain confidential, proprietary information regarding Defendants' policies and business operations, and disclosure of this information could cause Defendants competitive harm.  Furthermore, these materials contain non-public information of non-parties.  Accordingly, given the privacy interests and potential competitive harm that may results from public disclosure of this information, Defendants have adequately articulated "good cause" for maintaining confidentiality. *See Last v. M-I, L.L.C.*, No. 1:20–cv–01205–DAD–BAK, 2022 WL 1720760, at *2 (E.D. Cal. May 27, 2022).  To the extent that the Memorandum and SAC incorporate confidential, sealed information derived the Documents, the Court finds it appropriate for that information to be sealed as well.  The undersigned will therefore recommend that Defendants' requests to seal be granted.

#### B.   Plaintiff's Motion to Amend

##### 1.   There is Good Cause to Modify the Schedule Under Rule 16

###### a)   Legal Standard

Federal Rule of Civil Procedure 16(b) provides that the district court must issue a scheduling order that limits the time to join other parties, amend the pleadings, complete discovery, and file motions. Fed. R. Civ. P. 16(b)(1)-(3).  Once in place, "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4).  "Rule 16(b)'s 'good cause' standard

3

1  primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court "may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id*.

Good cause may be found to exist where the moving party shows, for example, that (1) it diligently assisted the court in recommending and creating a workable scheduling order; (2) it is unable to comply with the deadlines set forth in the scheduling order due to issues not reasonably foreseeable at the time of the issuance of the scheduling order; and (3) it was diligent in seeking an amendment once the party reasonably knew that it could not comply with the scheduling order. *Kuschner v. Nationwide Credit, Inc.*, 256 F.R.D. 684, 687 (E.D. Cal. 2009) (citing *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 608 (E.D. Cal. 1999)). "If [the moving] party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609. If good cause is found, the court must then evaluate the request to amend in light of Rule 15(a)'s liberal standard. *Id.* at 608.

### b)  Analysis

Plaintiff asserts that his motion to amend is governed by Rule 15, not Rule 16, because his operative request for amendment was filed within the time constraints set forth by the Court in the Scheduling Order in this action and he has not moved to alter any of the existing deadlines. (*See* Doc. 119 at 7–9.) Pursuant to the Scheduling Order, if any proposed amendments required modification of the existing schedule, they must be supported by good cause pursuant to Rule 16(b). (Doc. 83 at 1 n.1.) While Plaintiff's motion to amend was timely filed (*see* Doc. 83 at 1), permitting amendment would necessarily require modification of the deadlines laid out in the Scheduling Order to afford Defendants a fair opportunity to conduct discovery surrounding the newly added parties and respond to the newly added claims. *See Pizana v. SanMedica International LLC*, 1:18–cv–00644–DAD–SKO, 2022 WL 1241098, at *5 (E.D. Cal. Apr. 27, 2022) ("Once the district court has issued a pretrial scheduling order pursuant to Rule 16 establishing the time for any amendment to the pleadings, 'a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).'"). Accordingly, the Court construes Plaintiff's motion to amend under Rule 15 as a motion to modify the Scheduling Order under Rule 16. *See Eisenstecken v. Tahoe Reg'l Plan. Agency*, No. 2:20–cv–02349–TLN–CKD, 2022 WL 956694, at *2 (E.D. Cal. Mar. 30,

2022) (finding Plaintiffs incorrectly moved to amend under Rule 15(a) because a pretrial scheduling order was in place, and construing Plaintiff's motion to amend as a motion to modify the scheduling order). Thus, Plaintiff's amendment request must satisfy the good cause standard articulated in Rule 16.

In his motion, Plaintiff seeks to file a SAC to add two causes of action, several defendants, and two plaintiffs as class representatives. (Memorandum at 8–9.) Plaintiff contends that the two new claims are derivative of the underlying prohibited transaction and breach of fiduciary duty claims. (*Id*. at 9, 21–22; *see also* SAC ¶¶ 193–210.) As for the new defendants, Plaintiff seeks to include ERISA claims against those who sold their shares indirectly to the ESOP as well as those who sold their shares directly. (Memorandum at 8, 20.) Plaintiff clarifies that the direct sellers were previously listed as "Doe" defendants in the FAC, and the proposed SAC now identifies them by name. (*Id*. at 8 n.1.) The SAC lists about 30 new defendants, including named members of the Kruse-Western Board of Directors and numerous family trusts which served as selling shareholders and member sellers. (SAC ¶¶ 16–52.) Finally, Plaintiff asserts that the two newly named plaintiffs are proper parties to the lawsuit because they participated in the ESOP, as did Plaintiff, and they have identical claims relating to the ESOP transaction. (Memorandum at 8, 23; *see also* SAC ¶¶ 11–12.) He contends the proposed new claims and parties only recently became known to him after Defendants began producing documents in this case, and the two proposed plaintiffs only recently engaged counsel. (*See* Memorandum at 8–9; Doc. 119 at 7.)

In general, the focus of the diligence inquiry under Rule 16 is the time between the moving party's discovery of new facts and its asking leave of the court to file an amended pleading. *See, e.g., Zivkovic v. S. Cal. Edison Corp.*, 302 F.3d 1080, 1087–88 (9th Cir. 2002). On this point, Plaintiff describes how he filed his motion to amend on the agreed-upon date pursuant to the Scheduling Order. (Memorandum at 18.) He highlights how the date of his filing was less than two months after Defendants' initial document production on May 4, 2022, and less than two weeks after Defendants produced documents relating to the first phase of the transaction, which he asserts forms the basis of many of the amended allegations. (*Id*.) The Company Defendants acknowledge that Plaintiff's motion to amend was filed two weeks after relevant documents were produced.

(Doc. 116 at 19–20.) Additionally, both the original complaint and the FAC named Does 1 through 30 as defendants, and the identities of those defendants have now become clear during the course of discovery produced in this litigation. (*See* Docs. 1, 34.) "[D]iscovery of new evidence is often sufficient to satisfy the good cause standard." *Pizana*, 2022 WL 1241098, at *4. Therefore, the Court finds that Plaintiff was diligent in seeking leave to amend once the factual bases for the proposed amendments were uncovered. *See, e.g., Fru-Con Const. Corp. v. Sacramento Mun. Util. Dist.*, No. CIV. S–05–583 LKK/GGH, 2006 WL 3733815, at *4–5 (E.D. Cal. Dec. 15, 2006) (finding that the defendant "acted with reasonable diligence" in moving for leave to amend its counterclaim "roughly two months" after learning new facts at a deposition and prior to the close of discovery, and collecting cases where courts granted leave to amend "based on 'new information revealed in discovery'").

Further, Plaintiff has been diligent in seeking discovery generally. The Scheduling Order was issued on March 15, 2022. (Doc. 83.) About two weeks later, on April 1, 2022, the parties sought a stipulated protective order (Doc. 85), which was approved by the court shortly thereafter (Doc. 86). On May 27, 2022, Plaintiff submitted a request to the undersigned for an informal discovery dispute conference (Doc. 88), which was held on June 2, 2022 (Doc. 90). Pursuant to that conference, the undersigned ordered Defendants to produce to Plaintiff the information described in his written submission by no later than June 16, 2022. (Doc. 91.) Plaintiff's original motion to amend the complaint was filed less than two weeks later on June 29, 2022. (Doc. 95.)

In sum, because Plaintiff was diligent in seeking to amend the FAC shortly after discovering the facts that form the basis for his amendments, the Court finds good cause to modify the Scheduling Order.

### 2. Plaintiff May Amend the FAC Under Rule 15

As Plaintiff correctly notes (Doc. 119 at 10), the Company Defendants make no argument that Plaintiff filed his motion to amend in bad faith. Consequently, this factor weighs in favor of allowing the amendments. With this in mind, along with GreatBanc's lack of opposition to the filing of the SAC (*see* Doc. 95 at 2), the Court applies the remaining factors set forth above.

### a) Legal Standard

Rule 15 provides that a party may amend its pleading only by leave of court or by written consent of the adverse party and that leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). The Ninth Circuit has instructed that the policy favoring amendments "is to be applied with extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "'[C]ourts presented with motions for leave to amend a pleading to add an omitted counterclaim generally "adhere[] to the liberal amendment policy of Rule 15" in deciding whether to grant the requested leave.'" *Lennar Mare Island, LLC v. Steadfast Ins. Co.*, No. 2:12–cv–02182–KJM–KJN, 2015 WL 4910468, at *6 (E.D. Cal. Aug. 17, 2015) (quoting *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1085). Although the decision whether to allow amendment is in the court's discretion, "[i]n exercising its discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits rather than on the pleadings or technicalities." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (internal quotations omitted).

The factors commonly considered to determine the propriety of a motion for leave to amend are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended the complaint. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Desertrain v. City of L.A.*, 754 F.3d 1147, 1154 (9th Cir. 2014). "These factors, however, are not of equal weight in that delay, by itself, is insufficient to justify denial of leave to amend." *DCD Programs, Ltd.*, 833 F.2d at 186. Of these factors, "[p]rejudice to the opposing party is the most important factor." *Jackson v. Bank of Haw.*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330–31 (1971)). "The other factors used to determine the propriety of a motion for leave to amend could each, independently, support a denial of leave to amend a pleading." *Beecham v. City of W. Sacramento*, No. 2:07–cv–01115–JAM–EFB, 2008 WL 3928231, at *1 (E.D. Cal. Aug. 25, 2008) (citing *Lockheed Martin Corp. v. Network Solutions, Inc.*, 194 F.3d 980, 986 (9th Cir. 1999)). "The party opposing the motion for leave to amend bears the burden of demonstrating that a substantial reason exists to deny leave to amend." *Id*. (internal quotations omitted).

### b) Undue Prejudice

"Prejudice is the 'touchstone of the inquiry under [R]ule 15(a).'" *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id*. "'Undue prejudice' means substantial prejudice or substantial negative effect." *SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086. "[T]he Ninth Circuit has found such substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Id.* (quoting *Morongo Band of Mission Indians*, 893 F.2d at 1079. "'A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.'" *Calderon v. Tulare Reg'l Med. Ctr.*, No. 1:17–cv–0040–BAM, 2018 WL 4473626, at *5 (E.D. Cal. Sept. 17, 2018). However, "[p]rejudice is generally mitigated where the case is still in the discovery stage, no trial date is pending and no pretrial conference has occurred." *Id*. (citing *DCD Programs, Ltd.*, 833 F.2d at 187–88).

In their opposition, the Company Defendants note that the parties have already engaged in extensive class discovery, and amendment of the complaint will be prejudicial because it will necessarily involve altering the Scheduling Order, thereby "substantially delaying the case." (Doc. 116 at 17–21.) The Company Defendants also contend that granting leave to amend will impair the ability of the proposed new defendants to defend themselves, given that the deadline for completing class discovery has since passed. (Doc. 116 at 21–22.)

To the extent the Company Defendants argue it is Plaintiff's burden to establish that amendment of the complaint would not be unduly prejudicial (*see, e.g.,* Doc. 116 at 6, 17, 20–21), they are mistaken. "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd.*, 833 F.2d at 187; *see also Beecham*, 2008 WL 3928231, at *1.

The Company Defendants vaguely assert in conclusory fashion that the case will be substantially delayed if the Court allows the proposed amendments. They mention that depositions will need to be taken of the two newly named plaintiffs, and that the proposed additional

8

defendants should be afforded an opportunity to participate in class discovery and certification. (Doc. 116 at 18.) Though resolution of the case will presumably be delayed if the amendments proposed by Plaintiff are permitted, "a mere pendency in the resolution of claims does not constitute substantial prejudice." *Sage Electrochromics, Inc. v. View, Inc.*, No. 12–CV–6441–JST, 2014 WL 1379282, at *3 (N.D. Cal. Apr. 8, 2014).

More importantly, this case remains in its early stages. There are no pending dispositive motions, no looming trial date, and no final pretrial conference has been held (or ever been scheduled). Given that this Court denied Plaintiff's motion for class certification subject to renewal following a determination of the instant motion to amend (Docs. 120, 127), the threshold procedural issue of class certification has not yet been addressed, and no formal discovery has been scheduled on topics pertaining to the merits of Plaintiff's claims. *See Calderon*, 2018 WL 4473626, at *5; *Pizana*, 2022 WL 1241098, at *11. Even though additional class certification discovery will likely be necessary due to the proposed amendments and the deadline for such discovery will need to be extended, as further discussed below, Plaintiff's representation that he encountered this new information as a result of the recent discovery is credible and there does not appear to have been a more efficient way for Plaintiff to have raised the proposed amendments. *See id.* (finding no undue prejudice on similar facts); *see, e.g.*, *Genentech, Inc. v. Abbott Laboratories*, 127 F.R.D. 529, 531 (N.D. Cal. Mar. 29, 1989) (finding no undue prejudice where plaintiff sought amendments that would have required defendant to "depose numerous witnesses across the country who ha[d] been previously questioned," "necessitate[d] additional document searches and written discovery," and would "postpone the trial date" because plaintiff credibly showed that the facts on which the amendments were based "came to light only after the original complaint was filed and during the course of discovery"). Thus, the Court finds that the Company Defendants have failed to meet their burden of showing they would suffer "substantial prejudice or substantial negative effect" if further leave to amend were to be granted. *See SAES Getters S.p.A.*, 219 F. Supp. 2d at 1086.

As stated above, to ensure that all Defendants have a fair opportunity to address and respond to the new claims and parties, and for the parties to fulfill any other obligations in the course of

litigation, the Scheduling Order will be modified in view of any amendment. *See Sage Electrochromics*, 2014 WL 1379282, at *3 ("the way to avoid any prejudice to [the defendant] is to set a case schedule that does not deprive [the defendant] of its fair opportunity to respond to, and propose constructions of, the newly asserted claims").

In sum, in the absence of any showing of undue prejudice to the Company Defendants, the Court finds that this factor militates in favor of granting the proposed amendments.

### c)    Futility

"Leave to amend may be denied if the proposed amendment is futile or would be subject to dismissal." *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) (citing *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991)). Proposed amendments are futile if "'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense,'" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or when they "'are either duplicative of existing claims or patently frivolous,'" *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014). "Leave to amend is warranted if the deficiencies can be cured with additional allegations that are 'consistent with the challenged pleading' and that do not contradict the allegations in the original complaint." *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011); *see also Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 701 (9th Cir. 1988) (noting that it is improper to deny leave to amend when the court can "'conceive of facts' that would render plaintiff's claim viable").

The Company Defendants raise several arguments in support of their contention that Plaintiff's proposed amendments would be futile. First, they assert that the proposed SAC is barred by ERISA's statute of limitations,[5] Rule 15(c)'s relation-back principles do not apply, and even if they did, Plaintiff fails to make the requisite showing under Rule 15(c) to demonstrate that the amendments he proposes relate back to the FAC. (Doc. 116 at 10–16.) Second, the Company Defendants argue that leave to amend is also futile because Plaintiff's newly proposed claims would not survive a motion to dismiss under Rule 12(b)(6). (Doc. 116 at 16–17.)

---

[5] As Plaintiff correctly clarifies (Doc. 119 at 16 n.9), a recent ERISA Supreme Court decision refers to the relevant time frame as "the 6-year statute of limitations," *Hughes v. Northwestern University*, 142 S. Ct. 737, 741 (2022), not the statute of repose that the Company Defendants refer to.

10

1    In making their first assertion, the Company Defendants ignore the fact that Rule 15(c) provides for relation back of amendments and the sort of extension of the limitations period for which they now protest. "An amendment substituting defendants relates back to the time of filing of the original complaint when: (1) the claim in the amended pleading arises out of the same conduct as that in the original pleading, and (2) the substituted party has notice and is not prejudiced by that amendment." *Raynor Bros. v. American Cyanimid Co.*, 695 F.2d 382, 384 (9th Cir. 1982) (citing Rule 15(c)). "While Rule 15(c) speaks only of a change in defendants, it applies by analogy to the substitution of plaintiffs." *Id*. For example, where there is an "identity of interests" between the original plaintiff and proposed additional plaintiffs, "relation back of the amendment is not prejudicial to the defendant." *Id*.; *see also Pizana*, 2022 WL 1241098, at *11 (rejecting a statute of limitations argument in a class action matter set forth on prejudice grounds).

As previously mentioned, Plaintiff contends that the two new claims are derived from the underlying prohibited transaction and breach of fiduciary duty claims. (Memorandum at 9, 21–22.) Plaintiff also argues that, pursuant to the discovery produced in this case, it became clear that the ESOP transaction at the heart of the dispute between the parties was larger, more complex, and involved more parties than were known to him when he filed the FAC. (*Id*. at 8.) Thus, Plaintiff requests leave to amend in order to add ERISA claims against proposed defendants who sold their shares indirectly or directly to the ESOP. (*Id*. at 8, 20.) Finally, Plaintiff asserts that the two newly named plaintiffs participated in the ESOP, as did Plaintiff, and they have identical claims relating to the ESOP transaction. (*Id*. at 8, 23.)

Even assuming the two newly named plaintiffs are deemed inadequate class representatives, that is an inquiry reserved for Plaintiff's renewed motion for class certification. *See, e.g., Pizana*, 2022 WL 1241098, at *11 (rejecting an argument that the defendant would be prejudiced if it had to oppose class certification with new class representatives other than the original plaintiff because, even if the plaintiff was deemed to be an inadequate class representative, "courts often allow counsel seeking to represent a putative class to identify a new class representative before a certification order is issued"); *Woods v. Google LLC*, No. 11–cv–01263–EJD, 2018 WL 4030570, at *10 (N.D. Cal. Aug. 23, 2018) (granting leave to amend after expiration of scheduling order

11

1 deadline to substitute newly named plaintiff and noting that an additional round of class
2 certification would "not be overly burdensome").

3       Furthermore, the Company Defendants' suggestion that amendment permitting filing of the proposed SAC is futile because it would not survive a motion to dismiss brought under Rule 12(b)(b) is not persuasive, because it is premised on a factual dispute that is not appropriately resolved at this stage of the proceedings. "[D]enial on [grounds of futility] is rare and courts generally defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Clarke*, 703 F. Supp. 2d at 1043 (citing *Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003)). While the Company Defendants are correct that "[t]he test for futility is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)," *Hamilton v. Cty. of Madera*, No. 1:20–cv–00484–NONE–EPG, 2021 WL 1577819, at *3 (E.D. Cal. Apr. 22, 2021), the Court need not determine at this point in time whether the Company Defendants will ultimately prevail on a motion to dismiss in considering Plaintiff's request to amend. *See, e.g., Allen v. Bayshore Mall*, No. 12–cv–02368–JST, 2013 WL 6441504, at *5 (N.D. Cal. Dec. 9, 2013) ("'The merits or facts of a controversy are not properly decided in a motion for leave to amend and should instead be attacked by a motion to dismiss for failure to state a claim or for summary judgment.'"). As provided above, "the [C]ourt's assessment regarding futility of amendment under Rule 15 is limited to whether it would be possible for the claim or defense to be proven under any set of facts." *Dickey v. Vital One Health Plans Direct, LLC*, No. 1:18–cv–01399–DAD–BAM, 2019 WL 2545500, at *3 (E.D. Cal. Jun. 20, 2019). Under this framework, the Company Defendants fail to demonstrate that amendment would be futile.

      Therefore, this factor also weighs in favor of allowing the amendment of the complaint.[6]

### d) Undue Delay

"Undue delay is delay that prejudices the nonmoving party or imposes unwarranted burdens

---

[6] Given the undersigned's finding that amendment of the complaint would not be futile, the Court further recommends declining the Company Defendants' request to strike the Documents as irrelevant to the issues contained in Plaintiff's motion for leave to amend. (*See* the Company Defendants' Request to Strike or Seal Documents, emailed on July 14, 2022, at 4.)

on the court." *BNSF Ry. Co. v. San Joaquin Valley R.R. Co.*, No. 1:08–cv–01086–AWI–SMS, 2011 WL 3328398, at *2 (E.D. Cal. Aug. 2, 2011) (citing *Mayeaux v. La. Health Serv. and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004)). Undue delay addresses not only whether the motion was filed within the time allotted, but also "'whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.'" *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 953 (9th Cir. 2006); *see also Jackson*, 902 F.2d at 1388 (denying leave to amend where, among other things, plaintiffs did not cite any facts or theories supporting their argument that they did not have important evidence until after additional discovery completed). For example, the Ninth Circuit has held that "an eight month delay between the time of obtaining a relevant fact and seeking a leave to amend is unreasonable." *Id.* (citing *Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991)). "Undue delay by itself is insufficient to justify denying leave to amend." *United States v. United Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016).

Here, the Company Defendants acknowledge that Plaintiff's motion to amend was filed two weeks after relevant documents were produced. (Doc. 116 at 19–20.) Nonetheless, they argue that Plaintiff's motion should be denied because he "puts forth no argument as to why the new Plaintiffs were not added earlier or why the proposed indemnification claim . . . could not have been included in the original or [FAC]." (*Id.* at 20.)

As discussed above, Plaintiff filed his motion to amend by the date agreed upon by the parties and reflected in the Scheduling Order, and he credibly argues that he was not aware of and did not have reason to know of the facts underlying the proposed amendments until the completion of the recent discovery. Thus, the Court finds that Plaintiff acted with diligence in seeking leave to amend. *See, e.g., N. Cal. River Watch v. Ecodyne Corp.,* No. C 10–5105 MEJ, 2013 WL 146324, at *4 (N.D. Cal. Jan. 14, 2013) ("Because River Watch sought to amend its pleading within a month after receiving such information, there is no evidence of undue delay. This factor thus weighs in favor of allowing leave to amend.").

Even if the Company Defendants could show that Plaintiff had all of the relevant information at the time of the filing of his original complaint and FAC, such a showing would

alone still be insufficient and would need to be supported by some demonstration of bad faith, prejudice, and futility. See *United Healthcare Ins. Co.*, 848 F.3d at 1184. As discussed above, these other factors have not been met. Therefore, even if the Company Defendants were able to establish undue delay, it would not justify denying leave to amend.

Therefore, the Court finds that this factor weighs in favor of amendment.

### e)  Previous Amendment

Lastly, Plaintiff already once amended the complaint over three years ago on August 16, 2019. (*See* Doc. 34.) While his FAC was filed before the pertinent discovery was produced, because he has once previously amended the complaint, this factor weighs against granting leave to amend. However, given that the balance of the Rule 15 factors discussed above weigh in favor of permitting amendment, the Court recommends that Plaintiff's motion to amend be granted.

## IV.  CONCLUSION

Accordingly, the undersigned RECOMMENDS that:

1. Defendants' requests to seal (Docs. 110, 111) be GRANTED, and that the parties be ORDERED to meet and confer on appropriate redactions to the Memorandum and SAC, to file an unredacted copy of both documents under seal, and to file a redacted version of both documents publicly on the Court's docket.

2. Plaintiff's motion to amend the complaint (Docs. 95, 99) be GRANTED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l)(B). **Within twenty-one (21) days after being served with these Findings and Recommendation**, any party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **December 20, 2022**                    /s/ *Sheila K. Oberto*

UNITED STATES MAGISTRATE JUDGE